[No. 4275.   Decided August 19, 1902.]

E. A. HESSELTINE, *Appellant,* v. TOWN OF WILBUR *et al.,*
*Respondents.*

SPECIAL ELECTIONS—STATUTORY NOTICE—DIRECTORY PROVISIONS.

An election for the purpose of authorizing a town to issue
bonds for the construction of water works would not be inval-
idated by the fact that thirty days' notice thereof was given,
while the statute prescribed ten days' notice of the election,
since the provision governing notice is directory merely, in the
absence of a statutory declaration that such formality shall be
mandatory.

Appeal from Superior Court, Lincoln County.—Hon.
CHARLES H. NEAL, Judge.   Affirmed.

*Martin & Grant,* for appellant.

*Myers & Warren,* for respondent.

PER CURIAM.—The appellant, as a taxpayer, instituted
this suit against the town of Wilbur and the respondents
named, for the purpose of obtaining a restraining order
and injunction, restraining and enjoining the respond-
ents from selling or delivering certain bonds (more fully
hereinafter described) for the building of water works
in the town of Wilbur.   The respondents answered and
pleaded:   The town of Wilbur is a municipal corpora-
tion, city, or town, of the fourth class, incorporated by
an order of the board of county commissioners of Lin-
coln county, Washington, made and entered on the 4th
day of August, 1890, under the provisions of the act of
March 27, 1890, which said order of the board of county
commissioners was filed in the office of the secretary of
state on the 14th day of August, 1890.   That ever since
the date of said incorporation the town of Wilbur has main-

tained an organized government, and has performed all of the functions of a municipal corporation of the fourth class, and is still maintaining such government and performing all the functions of such a municipal corporation. That the respondents other than said town are the duly elected, qualified, and acting officers of said town. That on the 7th day of August, 1901, at a regular meeting of the town council, it was decided to construct a system of waterworks within the town of Wilbur, and to employ a competent engineer to draw plans and specifications for the same. That on the 16th day of October, 1901, at a regular meeting of the town council of the town of Wilbur, ordinance No. A54 passed first reading, and afterwards, on the 6th day of November, 1901, at a regular meeting of the town council of Wilbur said ordinance No. A54 was read for the second time by sections, and adopted and passed. This ordinance is an exhibit to the answer, and authorizes an indebtedness for the waterworks. That on the 8th day of November, 1901, said ordinance No. A54 was regularly published in full in the Wilbur Register, a weekly newspaper of general circulation published once each week at Wilbur, Lincoln county, Washington, and that said Wilbur Register was the newspaper doing the town printing, and was the newspaper designated in said ordinance as the one in which said ordinance was to be published, and that said ordinance took effect and was in force from and after its passage, approval, and publication, and has never been repealed, amended, or set aside. That notice of the election provided for in said ordinance was given by publication in the Wilbur Register, the paper doing the town printing, and designated in said ordinance, for a period of five consecutive weeks immediately preceding the holding of said elec-

tion, to-wit, from the 15th day of November, 1901, to the
13th day of December, 1901. That on the 15th day of
November, 1901, notice was published to the voters of
the said town of Wilbur that all persons who desired to
vote at the said election must register before the 6th day
of December, 1901, and that the registration books for
said election would close at that time; the same being
ten days before the date for the holding of said election.
That said notice to voters was published in the Wilbur
Register for four consecutive weeks, from the 15th day of
November, 1901, to the 6th day of December, 1901, in-
clusive. That said election, in pursuance to the notice
thereof heretofore mentioned, was, at the time, place, and
date in said notice given, held and conducted in all things
as required by law, and that at said election there were
130 votes cast, 122 of which were in favor of adopting
the system of waterworks as set forth in said ordinance
No. A54, and 8 of which were against the adoption of
said system, and 122 of said votes were in favor of bond-
ing the town of Wilbur in the sum of eleven thousand, nine
hundred and fifty dollars, as provided for in said ordi-
nance, and 8 of which said votes were against bonding.
That afterwards, at a regular meeting of the town council
of the town of Wilbur, held on the 18th day of December,
1901, the said town council proceeded to canvass and did
canvass the said votes, and said town council then and
there found that said system and plan had been adopted,
and said proposition to bond the town of Wilbur had also
been adopted, as set forth in said ordinance No. A54, by
more than three-fifths of all the votes cast at said election,
and said town council then and there ordered that said
system of waterworks be adopted, and that bonds be is-
sued in the sum of $11,950, as provided for in said ordi-
nance, No. A54. That the assessed valuation of said town

at the time of the adoption of said ordinance was $240,548, and that the amount of said bonds so authorized to be issued did not exceed five per cent. of the assessed valuation of said town of Wilbur. That the levy of two and one-half mills for the purpose of paying the interest on said bonds in each year is sufficient to pay said interest. That said bonds have been sold, and the mayor and clerk ordered to prepare, sign, and deliver the same to the State Bank of Wilbur, the purchaser of said bonds, upon the payment of the sum of $11,951, the amount bid therefor. A demurrer was interposed to this answer, and, after argument, was overruled and the appellant refused to plead further, and elected to stand upon the demurrer, and thereupon a judgment was entered dismissing the action. From this judgment this appeal is taken.

All the errors assigned in the appellant's brief were waived in open court on the argument in this case, except that relative to notice. This error is assigned as follows:

"The court erred when it held that thirty days' notice, as given in the notice of election, was equal to ten days' notice, as by law required to be given."

The appellant does not contend that ten days' notice was not given as required by law. His contention is that the ten days' notice, and twenty days more, in all thirty days, was given, and that this is not a compliance with the law requiring ten days' notice. This court, in *Seymour v. Tacoma,* 6 Wash. 427 (33 Pac. 1059), upheld an election where the election notice was less than the time required by statute. In the case cited we said:

"The bottom question is, is literal compliance with the formalities prescribed for giving notice in this kind of an election a *sine qua non?* Certain rules as to notice of elections have become well settled, and none of them are better settled than that the formalities of giving notice,

.although prescribed by statute, are directory merely, unless there is a declaration that unless the formalities are observed the election shall be void."

We think the notice in this case was sufficient, and the fact that it was for thirty days, in place of ten days, does not vitiate it, and it is a substantial compliance with the statute.

The judgment of the court below is affirmed.