[No. 26532. Department One. March 12, 1937.]

F. C. GROOM, *Appellant*, v. THE PORT OF BELLINGHAM
et al., *Respondents*. [1]

*Tim Healy,* for appellant.

*Loomis Baldrey,* for respondents.

MAIN, J.—The plaintiff, a resident and taxpayer of Whatcom county, brought this action to restrain the

[1]Reported in 65 P. (2d) 1060.

commissioners of the port of Bellingham from carrying out a comprehensive plan of harbor improvement, and from issuing bonds to pay for the same. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was not entitled to any relief. Judgment was entered, which, in effect, dismissed the complaint, from which the plaintiff appeals.

The boundaries of the port of Bellingham coincide with the boundaries of Whatcom county. The port commissioners, deeming it desirable to enter upon a plan of harbor improvement and issue bonds to pay therefor, passed a resolution covering the matter of the improvement; also one covering the matter of the bonds. They passed a third resolution calling a special election, to be held on the third day of November, 1936, the same day the general election for that year was held. Copies of these resolutions were certified and transmitted to the county auditor and the county election board of Whatcom county.

The notice of election, which was published and posted, covered the matter of the general, port district, and public utility district elections. In this notice, however, there was no mention of the proposition for the improvement of the harbor or the issuance of the bonds. The election was held, and both propositions were carried by a substantial majority of the voters voting thereon. Thereafter this action was brought by the appellant claiming that, inasmuch as the two propositions did not appear upon the election notice, the election was void and ineffective.

To this election, aside from the election notice, there was given wide publicity. The matter of the improvement of the port and the issuing of the bonds was discussed in the newspapers, over the radio, at public meetings, and thirty thousand copies of the official bal-

lot, which carried the propositions here in question, were circulated generally and extensively to the voters throughout the county. Appearing upon the election ballot at the general election, there were constitutional amendments, initiatives, referendums, and other propositions, and upon these approximately the same number of votes were cast as were cast upon the port propositions. A port commissioner was elected, and the vote cast for port commissioner was likewise practically the same as the vote upon the propositions stated.

An election will not be declared invalid for any irregularities when it appears that the result of the election was an intelligent expression of the popular will, and the want of statutory notice did not result in depriving sufficient of the electors of the opportunity to exercise their franchise to change the result of the election.

In *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39, it is said:

"The rule established by an almost unbroken current of authority is that the particular form and manner pointed out by the statute for giving notice is not essential, and where the great body of the electors have actual notice of the time and place of holding the election, and of the questions submitted, this is sufficient. The vital and essential question in all cases is whether the want of the statutory notice has resulted in depriving sufficient of the electors of the opportunity to exercise their franchise to change the result of the election. . . ."

The excerpt just quoted was quoted with approval in the case of *Rands v. Clarke County,* 79 Wash. 152, 139 Pac. 1090.

In *State ex. rel. Sampson v. Superior Court,* 71 Wash. 484, 128 Pac. 1054, Ann. Cas. 1914C, 591, it is said that, where the result of the election shows that it

is "an intelligent expression of the popular will," the result will not be set aside for irregularity.

Many other cases from this court, of similar import to the three cited, might be assembled, but it is not necessary, because the doctrine in this state has been consistently followed since the decision in *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39.

In the case now before us, if the election notice had contained the propositions referred to and there had been given no further publicity to the matter whatever, the election would have conformed to the law and would have been valid. So far as advising the voters was concerned, the publishing and posting of the notice would have been merely nominal in comparison with what was done in this·case in an endeavor to bring to the attention of the voters of Whatcom county the propositions that they were to vote upon relative to the port. It may be true, and probably is, that no one failed to vote upon the propositions because they did not appear upon the election notice. It unquestionably is true that not a sufficient number of the voters failed to vote to change the result of the election. The vote was such, as compared with the votes upon other propositions, as to indicate an intelligent and well-informed expression of the popular will.

The judgment will be affirmed.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.