[No. 27141. Department Two. August 4, 1938.]

EDISON VICKERS, *Appellant,* v. R. W. SCHULTZ *et al., as Commissioners of Public Utility District No. 2, Respondents.*[1]

*John J. Langenbach,* for appellant.

*Houghton, Cluck & Coughlin* and *Herman E. Lafky* (*John C. Fischer,* of counsel), for respondents.

MILLARD, J.—Plaintiff, a resident and taxpayer of Pacific county, by this action challenged the validity of the formation of public utility district No. 2 of Pacific county, on the ground that the county auditor, as clerk of the election board, failed to post notices of the special election for formation of the district and election of three utility district commissioners in each polling place in the county as required by the statute.

The trial court found that, on October 1, 1936, the county auditor posted one copy of the notice of the public utility district election on the bulletin board in the court house in South Bend, one copy on the bulletin

[1]Reported in 81 P. (2d) 808.

board in the post office in South Bend, and one copy on one of the public streets in South Bend; and

"That from the time of the adoption of the resolution submitting the proposition of creating the district to the voters of Pacific county, and prior thereto, up to the time of the election on November 3, 1936, particularly during period of forty days immediately prior to said election, the question of whether said public utility district should be created and which, if any, commissioners thereof should be elected, were discussed widely among the electors of Pacific county. During said time numerous public meetings were held throughout Pacific county under the auspices of Granges, labor unions and other groups, where the matter was generally and publicly discussed by the residents and voters of the county. During said time, the daily and weekly newspapers which circulated throughout the county among the residents and electors thereof, including the Raymond Herald, Raymond Advertiser, South Bend Journal, Willapa Harbor Pilot, Portland Oregonian and Portland Journal and Grange News, contained numerous and repeated references to the proposed creation of the public utility district and the election of the commissioners thereof. The county was circularized both for and against the proposition, and the fact that the election on said proposition and the election of commissioners would be held on November 3, 1936 was given more publicity, and more information concerning thereto was conveyed to the electors generally, for and against the measure, than a strict compliance with the statute would have afforded; the fact that the election aforesaid would be held on November 3, 1936, was a matter of general and actual knowledge among the voters in Pacific County."

From the decree dismissing the complaint and sustaining the validity of the election, plaintiff has appealed.

Counsel for appellant contends that there was not a substantial compliance with the statutory requirement respecting the posting of notices of the special

election, hence the public utility district was not legally established.

The public utility district statute provides that the provisions of the general election laws shall apply in public utility district elections, except that the public utility district ballots shall be separate and cast in separate ballot boxes. Rem. Rev. Stat., §§ 11607, 11609 [P. C. §§ 4498-13, 4498-15]. It is admitted that the proceedings leading up to the election upon the proposition of creating the district, and the election upon the proposition and the election of the district commissioners, were in strict compliance with all provisions of the public utility district statute and of the general election laws, except the statutory requirements respecting posting notices of election.

"The election board shall give notice of all elections to be held under the provisions of this act, by one publication in a newspaper of general circulation in the county, not less than thirty (30) days nor more than forty (40) days before the date of election, and by posting a copy of such notice at each polling place for such election not less than thirty (30) nor more than forty (40) days before the date of election. Said notice shall contain the time and place of holding said election; the hours during which the polls shall be open; the offices to be filled and the propositions to be voted upon at such election, and such notice shall be the only notice required of all elections to be held under the provisions of this act." Rem. Rev. Stat., § 5148-3 [P. C. § 2120-7c].

"It shall be the duty of each county auditor to give at least thirty days' notice of any general election, and at least fifteen days previous to any special election, by posting or causing to be posted up, at each place of holding election in the county, a written or printed notice thereof; said notice to be as nearly as circumstances will admit as follows: . . ." Rem. Rev. Stat., § 5157.

The failure to post notices of the special elec-

tion in each polling place in Pacific county, not less than thirty days nor more than forty days before the date of the election, was not fatal to the formation of public utility district No. 2 in Pacific county.

In *Seymour v. Tacoma*, 6 Wash. 427, 33 Pac. 1059, we held that, where there has been a substantial compliance with the requirements of the law governing notice of elections, in the matter of voting municipal bonds, and there has been a fair election thereunder, the result cannot be defeated by technical irregularities, such as posting the notice only twenty-six days instead of thirty, and failure to publish the notice in the official paper on the day immediately preceding the election, when the ordinance required publication for the thirty days next preceding election. See, also, *State ex rel. Mullen v. Doherty*, 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39.

In *Rands v. Clarke County*, 79 Wash. 152, 139 Pac. 1090, we held that the failure of the election board to post notice of a special county bond election did not render the election invalid, and that the provision for notice was directory, not mandatory. We said:

"The statute governing the giving of notice for special elections, held under the provision of the act under which the commissioners proceeded, provides that such notice must be given by publication in some newspaper having a general circulation in the county in which the election is proposed to be held 'for a period of at least four (4) weeks next preceding the date of the election.' In this instance the notice was directed to be given in two newspapers having a general circulation in Clarke county. In one, the first publication of the notice was made on July 17, 1913, while in the other it was made on July 18, 1913, in each of which the notice was published weekly in four successive issues of the paper. Since the election was held on August 12, 1913, it will be observed that the first publication was made only twenty-six days prior

to the election, and in the other only twenty-five days prior thereto. This, it is claimed, renders the election and all subsequent acts founded thereon invalid. This court, however, early held that requirements of a statute providing for the giving of notices of an election, either general or special, were directory rather than mandatory, unless the statute itself declares that the election shall be void if the statutory requirements are not strictly observed, or the court can see from the record that the result of the election might have been different had there been a strict compliance with the statutory requirements. *Seymour v. Tacoma,* 6 Wash. 427, 33 Pac. 1059; *Richards v. Klickitat County,* 13 Wash. 509, 43 Pac. 647; *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39; *Hesseltine v. Wilbur,* 29 Wash. 407, 69 Pac. 1094; *Murphy v. Spokane,* 64 Wash. 681, 117 Pac. 476; *Hill v. Howell,* 70 Wash. 603, 127 Pac. 211."

An apposite authority sustaining the position of respondents that the failure to post a copy of the notice of the election at each polling place is not fatal is *Groom v. Port of Bellingham,* 189 Wash. 445, 65 P. (2d) 1060. We there held that, a special election called by the port of Bellingham upon propositions relative to a plan of harbor improvement and the issuance of bonds in payment therefor, held at the same time as the general election, November 3, 1936, and no reference was made to the port propositions in any of the election notices, the port district election would not be set aside for want of the statutory notice, as wide publicity was given to the matter and an intelligent expression of the popular will resulted from that publicity. We said:

"An election will not be declared invalid for any irregularities when it appears that the result of the election was an intelligent expression of the popular will, and the want of statutory notice did not result in depriving sufficient of the electors of the opportunity to exercise their franchise to change the result of the election.

"In *State ex rel. Mullen v. Doherty*, 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39, it is said:

" 'The rule established by an almost unbroken current of authority is that the particular form and manner pointed out by the statute for giving notice is not essential, and where the great body of the electors have actual notice of the time and place of holding the election, and of the questions submitted, this is sufficient. The vital and essential question in all cases is whether the want of the statutory notice has resulted in depriving sufficient of the electors of the opportunity to exercise their franchise to change the result of the election. . . .'

"The excerpt just quoted was quoted with approval in the case of *Rands v. Clarke County*, 79 Wash. 152, 139 Pac. 1090.

"In *State ex rel. Sampson v. Superior Court*, 71 Wash. 484, 128 Pac. 1054, Ann. Cas. 1914C, 591, it is said that, where the result of the election shows that it is 'an intelligent expression of the popular will,' the result will not be set aside for irregularity.

"Many other cases from this court, of similar import to the three cited, might be assembled, but it is not necessary, because the doctrine in this state has been consistently followed since the decision in *State ex rel. Mullen v. Doherty*, 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39.

"In the case now before us, if the election notice had contained the propositions referred to and there had been given no further publicity to the matter whatever, the election would have conformed to the law and would have been valid. So far as advising the voters was concerned, the publishing and posting of the notice would have been merely nominal in comparison with what was done in this case in an endeavor to bring to the attention of the voters of Whatcom county the propositions that they were to vote upon relative to the port. It may be true, and probably is, that no one failed to vote upon the propositions because they did not appear upon the election notice. It unquestionably is true that not a sufficient number of the voters failed to vote to change the result of the election. The vote was such, as compared with the

votes upon other propositions, as to indicate an intelligent and well-informed expression of the popular will."

The evidence clearly discloses that the proposed formation of public utility district No. 2 and the election of its commissioners were matters of continued public discussion and controversy from about the time that the petitions for the formation of the district, which petitions were signed by approximately 1,500 people, were circulated in the fall of 1935 onward. This discussion was revived immediately subsequent to the passage of the resolution submitting the proposition to the electors by the county commissioners in July 1936, and continued up to the very day of the election. The want of statutory notice, it is clear, did not result in deprivation of sufficient number of the electors of the opportunity to exercise their franchise to change the result of the election. In the case at bar, the vote, like the vote on the port of Bellingham propositions, was such, as compared with votes upon other propositions, as indicates an intelligent and well-informed expression of the popular will.

We have consistently held that, unless the statute which prescribes the form and manner of publishing election notices, expressly provides that non-compliance with the statute will render the election void, it is regarded as declaratory rather than mandatory. The election will be held valid, even if there is a variance from the terms of the statute, if the election was a fair one; that is, if information concerning the election was communicated to the electors by means other than the official notices and if the electors generally participated in the election so that the election as held constituted a reliable expression of popular opinion.

There is language in *State ex rel. Ferguson v. Superior Court*, 140 Wash. 636, 250 Pac. 66, which on its face may tend to sustain the contention of appellant

that, where a special election is held at the same time as a general election, the statutory requirement as to posting notices of such special election is mandatory and not declaratory. The language in that opinion was not necessary to a disposition of the question before us. In that case, a vacancy occurred in the office of superior court judge prior to the expiration of the term, but at such time that only eighteen days remained for posting or publishing the election notices which the statutes required posted and published not less than thirty days prior to the election. We held that the county auditor, as clerk of the election board, could not be required in that mandamus proceeding to post and publish the notices and otherwise proceed to conduct the election, for the reason that the election could not be held properly within the limited time.

It may be added that the courts are more liberal in permitting a deviation from the statute where an attack is made after the election is held than where the attack is made prior to the election.

The judgment is affirmed.

STEINERT, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.