[No. 31644. Department One. December 22, 1950.]

SCHOOL DISTRICT NO. 81 OF SPOKANE COUNTY *et al., Respondents,* v. TAXPAYERS OF SCHOOL DISTRICT NO. 81 OF SPOKANE COUNTY *et al., Appellants.*[1]

*Will Lorenz* and *Davis, Trezona & Chastek,* for appellants.

*Burcham & Blair, Robert E. Blair,* and *Lewis H. Orland,* for respondents.

HILL, J.—This action was brought under Rem. Rev. Stat. (Sup.), § 5616-11 [P.P.C. § 809-15] *et seq.* (Laws of 1939, chapter 153, p. 452), to secure a determination of the validity of a proposed bond issue.

School District No. 81 of Spokane county filed its complaint seeking to have declared legal and valid both the proceedings in which the board proposed the commencement

[1]Reported in 225 P. (2d) 1063.

of a two-million-dollar school building program and the election in which the question of whether the district should issue bonds to cover the cost of such a program was submitted to the voters of the district.

In accordance with the statutory procedure, the trial court designated one Fred Ashley as defendant in the action, as a representative of all the taxpayers in the district. The taxpayers interposed a demurrer to the complaint and, upon its being overruled, chose to stand on their demurrer, and judgment was entered in accordance with the prayer of the complaint. This appeal followed.

The issue presented on the appeal is whether proper notice of the election was given. The following facts relative to notice were admitted by the demurrer: (1) that the election board adopted a resolution July 18, 1950, calling for a special election to be held September 12, 1950; (2) that there was compliance with that portion of Rem. Rev. Stat., § 5148-3 [P.P.C. § 522-19] (Laws of 1923, chapter 53, § 7, p. 176), calling for the posting of a notice of special election at each polling place for such election, not less than thirty nor more than forty days before the date of election (such true and correct copies of the notice of election were posted at the 193 polling places within the district on August 9, 1950, and remained there until thirty-three days later, the date of the election); (3) that the official notice of special election was published in the "Inland Empire News," a weekly newspaper of general circulation within Spokane county and within School District No. 81, on August 31, 1950, and September 7, 1950 (twelve and five days before the election); (4) that wide newspaper publicity was given to the bond issue proposition and to the date of the special election in two daily newspapers of general circulation within the district, such publicity continuing through the period from May 6, 1950, up to and including the election day; (5) that 13,000 pamphlets truthfully explaining the bond issue were distributed to parents of school children within the district; (6) that a citizens' committee composed of 5,849 volunteer precinct and block workers was organized and functioned

to give publicity to the proposed school bond election; (7) that 320 posters were placed in public conveyances and public places urging people to vote for the bond issue; (8) that from September 4, 1950, to September 6, 1950, the members of the citizens' committee called at all of the residences within the school district, explaining the proposed bond issue to the occupants, pointing out the date of the election, and leaving at 75,000 of the residences pamphlets explaining the proposition; (9) that by radio broadcasts and in other ways the nature of the bond issue proposition and the date of the special election were brought to the attention of the voters of School District No. 81; (10) that the election was duly held, and that, of 40,147 votes cast, 31,896 were in favor of the proposition.

The sole basis for the appellants' contention that the bond issue is invalid is that the publication of the official notice of special election in the "Inland Empire News" did not comply with the requirements of Rem. Rev. Stat., § 5148-3, which calls for the publication of such notice not less than thirty nor more than forty days before the election.

The only other applicable statute relative to publication of notice of such elections is Rem. Supp. 1949, § 5148-3a, and the publication met the requirements of that statute.

There is a difference of opinion in this court as to which section of the statute governs the publication of the official notice of a special election for the approval of a bond issue under the circumstances here existing, and it is a situation calling for legislative clarification. We shall assume, without deciding, that the appellants are correct and that Rem. Rev. Stat., § 5148-3, is the governing statute.

■ Through a long line of cases, this court has held that statutes like Rem. Rev. Stat., § 5148-3, calling for the publication of election notices, are not mandatory and will be considered to have been substantially complied with when an attempt has been made to comply with the statute, and when wide publicity has been given the matter and the great body of the electors have had actual notice of the time and place of the holding of the election and of the question

submitted, unless the statute provides that failure to observe the formalities shall render the election void. *Seymour v. Tacoma,* 6 Wash. 427, 431, 33 Pac. 1059; *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39; *Hesseltine v. Town of Wilbur,* 29 Wash. 407, 69 Pac. 1094; *Rands v. Clarke County,* 79 Wash. 152, 139 Pac. 1090; *Groom v. Port of Bellingham,* 189 Wash. 445, 65 P. (2d) 1060; *Vickers v. Schultz,* 195 Wash. 651, 81 P. (2d) 808; *Shaw v. Shumway,* 3 Wn. (2d) 112, 99 P. (2d) 938. This rule was again recognized in the recent case of *Davies v. Krueger,* 36 Wn. (2d) 649, 219 P. (2d) 969, where it was declared:

"It is the rule in this state that the statutory requirement of giving official notice, even of a special election . . . , is in a measure directory in the sense that the requirement need only be substantially complied with where there is a large measure of general unofficial information concerning a coming election reaching the public."

This court is now committed to the doctrine of "substantial compliance."

The facts alleged and admitted by the demurrer indicate that an official notice was twice published, and that the bond proposition and the election with which we are now concerned was exceptionally well publicized and bring this case within that doctrine. We find that the provisions of Rem. Rev. Stat., § 5148-3, have been substantially complied with, and that the purpose of the requirement of notice has been satisfied. The failure to comply literally with the requirement for publication of notice of election is not a ground for declaring the bond issue invalid. The judgment is affirmed.

BEALS, SCHWELLENBACH, HAMLEY, and DONWORTH, JJ. concur.