[No. 32296. Department One. June 1, 1953.]

THE STATE OF WASHINGTON, *on the Relation of Carl O. Heidal, Respondent,* v. DELBERT BRESEMANN, *as Justice of the Peace for Spanaway Precinct, Appellant.*[1]

*Metzler & McCormick* and *Hugo Metzler, Jr.,* for appellant.

*Goodwin, Eastvold & Hicks,* for respondent.

PER CURIAM.—The petitioner obtained a writ of prohibition directed to the respondent, justice of the peace for Spanaway precinct, Pierce county, permanently staying the proceedings under a criminal complaint, executed by one Robert W. Nickell, charging the petitioner with the offense of negligent driving, committed on November 25, 1950, in Armour precinct adjoining Spanaway precinct.

[1] Reported in 257 P. (2d) 637.

The writ was issued on the ground that respondent was about to exceed the jurisdiction of his particular justice court in that the offense charged was not alleged to have been committed in his precinct, and the prosecuting attorney for Pierce county had not approved the warrant of arrest issued by respondent as required by RCW 3.20.120 [*cf.* Rem. Rev. Stat. (Sup.), § 1925-1].

The petitioner has not favored us with a brief. The appellant urges many grounds for reversal. It is sufficient to say that the writ of prohibition does not lie in criminal cases because there is a plain, speedy, and adequate remedy by appeal. *State ex rel. O'Brien v. Police Court*, 14 Wn. (2d) 340, 128 P. (2d) 332, 141 A. L. R. 1257.

This court, in *State ex rel. Morrow v. DeGrief*, 40 Wn. (2d) 667, 246 P. (2d) 459, in adhering to the *O'Brien* case, *supra*, said:

"It would be needless repetition and, as counsel for respondent suggests, a work of supererogation, to repeat what was so ably said by Judge Steinert, speaking for the court, in *State ex rel. O'Brien v. Police Court, supra*, pointing out that prohibition will not lie even though a court proceeds without or in excess of its jurisdiction, if there is an adequate remedy by appeal."

The judgment is reversed, and the cause remanded with instructions to the trial court to quash the writ of prohibition.