[No. 33345. Department Two. November 10, 1955.]

STORRS B. CLOUGH, *Appellant,* v. THE CITY OF SEATTLE *et al.,* *Respondents.*[1]

*Felix & Abel,* for appellant.

*A. C. Van Soelen* and *C. V. Hoard,* for respondents.

PER CURIAM.—On March 10, 1955, the petitioner obtained the following superior court order:

"It is ORDERED that Roy DeGrief, judge of the Municipal Court of the City of Seattle show cause before the Presiding Judge of this court at 3:00 o'clock P M March, 1955 [*sic*], why he should not be permanently restrained from proceeding further in the case entitled 'In the Justice Court in and For Seattle Precinct before the Undersigned as Municipal Judge' wherein the City of Seattle is plaintiff and Storrs B. Clough is defendant."

The defendant was charged with reckless driving, drunk driving, and being drunk in public, in violation of the ordinances of the city of Seattle.

The respondent, in making his return, properly included all the causes why the writ should not be issued. He demurred, moved for dismissal, brought up the record, and

[1] Reported in 289 P. (2d) 728.

made answer supported by affidavits. For the elements of a return to a show cause order, see *State ex rel. Western Canadian Greyhound Lines v. Superior Court,* 26 Wn. (2d) 740, 175 P. (2d) 640.

■ From the records and affidavits, which are not controverted in petitioner's reply, it appears that the petitioner was arrested only for being drunk on a public street. However, he was also charged with reckless and drunk driving in the complaint filed in the municipal court before Joseph A. Moschetto, municipal judge *pro tempore.* This did not require any additional arrests. See *State ex rel. Fong v. Superior Court,* 29 Wn. (2d) 601, 188 P. (2d) 125.

■ Petitioner's allegation that Joseph A. Moschetto is not a justice of the peace is immaterial. See RCW 35.22.520 [*cf.* Rem. Rev. Stat., § 9000], which prescribes the qualifications for a municipal judge *pro tempore.* A municipal judge *pro tempore* need not be a justice of the peace.

■ The allegations in the petition showed no legal irregularities in the proceedings in question. The respondent's demurrer was properly sustained. The issuance of the show cause order was improvident because

". . . the writ of prohibition does not lie in criminal cases because there is a plain, speedy, and adequate remedy by appeal. *State ex rel. O'Brien v. Police Court,* 14 Wn. (2d) 340, 128 P. (2d) 332, 141 A. L. R. 1257." *State ex rel. Heidal v. Bresemann,* 42 Wn. (2d) 674, 257 P. (2d) 637.

See, also, *State ex rel. Morrow v. DeGrief,* 40 Wn. (2d) 667, 246 P. (2d) 459.

The judgment is affirmed.

December 20, 1955. Petition for rehearing denied.