[No. 35053. Department One. April 23, 1959.]

R. E. JOHNSON, *Plaintiff*, v. W. D. PATE, *Defendant and Relator*, THE SUPERIOR COURT FOR PIERCE COUNTY, *Hardyn Soule, Judge, Respondent.*[1]

[1]Reported in 338 P. (2d) 131.

*James P. Healy*, for defendant and relator.

*Scott, Langhorne & McGavick* by *Edward M. Lane*, for respondent.

ROSELLINI, J.—This is an original application in this court for a writ of prohibition permanently restraining the respondent, as judge of the superior court for Pierce County, from entering an order enjoining the relator from selling dry-cleaning services below cost, pending the trial of an action brought against him under the provisions of RCW 19.90.040, forbidding price-cutting practices. The relator alleges that the court exceeded its jurisdiction, inasmuch as the applicable statute does not authorize the granting of a temporary injunction, prior to a hearing on the merits.

Assuming the correctness of the relator's contention, it appears that he can have the order reviewed on appeal, under Rule on Appeal 14 (3), 34A Wn. (2d) 20, RCW Vol. 0, which provides that an appeal may be taken from an order granting a temporary injunction. *Lewis Pac. Dairymen's Ass'n v. Turner*, 50 Wn. (2d) 762, 314 P. (2d) 625.

The writ of prohibition is an extraordinary remedy and is available only where an inferior court is acting without or in excess of its jurisdiction and there is no plain, speedy, or adequate remedy, in the ordinary course of law, from the decision it renders or may render. It does not lie merely because the court decides erroneously or in excess of its jurisdiction. As a prerequisite to its issue, there must be no other adequate remedy, either by appeal or writ of review from the challenged decision. *State ex rel. New York Cas. Co. v. Superior Court*, 31 Wn. (2d) 834, 199 P. (2d) 581; *State ex rel. Sibbald v. Huntington*, 1 Wn. (2d) 413, 96 P.

(2d) 446; *State ex rel. Ernst v. Superior Court*, 198 Wash. 133, 87 P. (2d) 294, and cases cited therein.

 It is urged that the court proposed to use a cost survey submitted by the plaintiff as a guide for determining whether the relator is selling his services below cost, and that this survey has not been shown to be accurate or applicable to the relator's business. The relator contends that he will suffer irreparable harm if he is forced to raise his prices to correspond with those shown on the survey. The relator's apprehensions in this regard do not appear to be justified by the court's oral decision which indicates that the proposed injunction will only restrain the relator from selling below his actual costs, whatever they may be. In commenting on the order which it proposed to enter, the court said:

"In this case the prices complained of are not the usual and established prices, I am satisfied, of Mr. Pate. He has other prices for this work in the normal course. I am not disturbing his normal prices by the order which I am suggesting should be entered, I am only preventing him from running these special promotional prices which on the evidence presented here would appear to be below rock bottom in the trade."

In any event, if any order is entered, whether or not it contains the provision which the relator fears, it will be subject to immediate appeal.

 If the effect of such order is to change the *status quo* of the parties, the trial court has the authority, which it is presumed it will exercise justly, to allow supersedeas pending the appeal. *State ex rel. Burrows v. Superior Court*, 43 Wash. 225, 86 Pac. 632. If it should fail to do so, on proper application, and if upon appeal it should be made to appear to this court that the injunction should be superseded, this court has the authority, in order to maintain the existing status and to preserve the fruits of litigation to an appellant, in aid of its appellate jurisdiction and in the exercise of its discretion, to grant a supersedeas pending the determination of the appeal. *State ex rel. Langlie v. Wright*, 35 Wn. (2d) 703, 215 P. (2d) 407.

It would appear, therefore, that the relator has a plain, speedy, and adequate remedy by appeal. Consequently, we refrain from passing on the merits of his contentions at this time.

The writ is denied.

WEAVER, C. J., DONWORTH, FOSTER, and HUNTER, JJ., concur.

