[No. 42194. En Banc. November 16, 1972.]

GREYHOUND LINES, INC., *Respondent*, v. THE CITY OF TACOMA, *Appellant*.

*Robert R. Hamilton, F. H. Chapin, Jr.,* and *John R. Kramer,* for appellant.

*Pebbles, Swanson & Lindskog* and *Robert E. Lundgaard,* for respondent.

WRIGHT, J.—The question presented by this case relates to a business and occupation tax upon tickets sold by respondent, Greyhound Lines, Inc., in the depot in Tacoma. Appellant, City of Tacoma, asserts the right to collect tax on the full amount of ticket sales made within the city limits, respondent contends that there should be an apportionment based on the total miles traveled within the city limits in relation to total miles.

The respondent (plaintiff) instituted this action in the superior court seeking injunctive relief against the levy of the tax upon gross ticket sales, and further to recover the sum of $4,257.81. Upon a trial, the facts were stipulated. The trial court granted summary judgment for plaintiff requiring an apportionment should be made, but reserving until trial the question of how the apportionment should be made.

The essential facts are simple. Respondent, Greyhound Lines, Inc., is a large company operating automobile stages in many states. Respondent has a depot in the city of Tacoma at which depot tickets for transportation of passengers and freight are sold. Some of the passengers and freight received in Tacoma go to points within the state and some go to points outside of the state. Respondent maintains depots in many other cities. Appellant makes no claim for a tax upon tickets sold outside of Tacoma, nor for

any part of the fare collected for transportation of passengers or freight into or through Tacoma. The City of Tacoma provides fire and police protection, maintains city streets over which respondent's vehicles travel, and renders many other services.

■ Some question has been raised if this appeal is premature, or otherwise expressed, if the judgment appealed from is a final judgment. A permanent injunction was granted. An appeal will lie from the granting of an injunction. *State ex rel. Carroll v. Simmons,* 61 Wn.2d 146, 377 P.2d 421 (1962); *Lewis Pac. Dairymen's Ass'n v. Turner,* 50 Wn.2d 762, 314 P.2d 625 (1957); *Johnson v. Pate,* 54 Wn.2d 148, 338 P.2d 131 (1959).

■ Upon the question of apportionment, the appellant contends an apportionment is being made by reason of the city not collecting any tax upon passengers and freight coming into or going through the city. Appellant further contends the taxable incident is engaging in business. With that contention, we agree.

This case can easily be distinguished from *Lone Star Cement Corp. v. Seattle,* 71 Wn.2d 564, 429 P.2d 909 (1967), for in that case the City of Seattle sought to impose a tax upon cement manufactured in Concrete, Washington, in Skagit County, and delivered to points outside of Seattle. In that case it was held there was no taxable incident in the city of Seattle. Lone Star had another plant in Seattle, the operations of which were taxable by Seattle.

Much of the reasoning of *Reynolds Metals Co. v. State,* 65 Wn.2d 882, 400 P.2d 310 (1965) is applicable here. To the same effect is *American Mfg. Co. v. St. Louis,* 250 U.S. 459, 63 L. Ed. 1084, 39 S. Ct. 522 (1919). There the taxable incident was manufacturing while in the instant case the taxable incident is the sale of a ticket. If the local transaction forms a sufficient nexus or link, the transaction is taxable.

Here the sale of the ticket does form a sufficient nexus and the whole transaction is taxable. The judgment of the trial court is reversed, and the injunction dissolved.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and UTTER, JJ., concur.

Petition for rehearing denied February 1, 1973.