[No. 4580-1.    Division One.    November 8, 1976.]

THE STATE OF WASHINGTON, *on the Relation of Ralph A. Moore, Appellant,* v. PAUL HOUSER, *Respondent.*

*John H. Rayback,* for appellant.

*Lawrence J. Warren, Deputy City Attorney,* for respondent.

CALLOW, J.—The defendant, Ralph Moore, appeals from the Superior Court's refusal to issue a writ of prohibition which would have reversed the result of a municipal court's denial of a motion to dismiss charges of driving a motor vehicle while under the influence of intoxicants and/or drugs for violation of the 60-day speedy trial rule, JCrR 3.08. The denial of the writ is affirmed.

The defendant was arrested in Renton, Washington, on September 28, 1975, and charged with driving a motor vehicle while under the influence of intoxicants and/or drugs. He was arraigned on November 25, 1975, and pleaded not guilty. The matter was set for trial in Renton Municipal Court on December 12, 1975.

The case was called for trial on the day set and the arresting officer testified. During the City's case in chief, the testimony revealed that Moore had been in a traffic accident involving an occupied motor vehicle. The municipal judge interrupted the cross-examination of the arresting officer and inquired whether the owner of the other vehicle allegedly involved in the accident was present. He was not. A defense motion for dismissal was denied, and the municipal judge continued the trial to have the owner of the vehicle subpoenaed, but stated that the City had established a prima facie case. The municipal judge suggested that the city prosecutor request a continuance to obtain the presence of other witnesses. The prosecutor requested such a continuance, which was granted over the objection of the defendant. The matter was first continued to a date within the 60-day period for a speedy trial required by JCrR 3.08, but the case was later set over for additional days due to the unavailability of defense counsel on the date originally set. The cause was reset for trial on February 13, 1976, more than 70 days after the date of the arraignment. A motion to dismiss the case for violation of JCrR 3.08 was filed in Renton Municipal Court and was denied.[1]

---

[1] JCrR 3.08 reads:

"Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and

·The defendant sought a writ of prohibition in Superior Court. A hearing on the petition for the writ was held in Superior Court on February 19, 1976, and the petition was denied. The order dismissing the petition for a ·writ· of prohibition recited that "the continuance did not put the case in violation of the 60 day rule for speedy trial."

The defendant filed notice of appeal, and the matter was set for hearing on this court's motion to dismiss on the grounds that the order appealed from was not a final appealable judgment pursuant to CAROA 14(1).

■ The first issue presented is whether the superior court order dismissing the petition for a writ of prohibition constitutes an appealable final judgment.

CAROA 14(1) provides, in relevant part:

> An aggrieved party may appeal a cause over which the court of appeals has jurisdiction from any and every of [the] following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding:
>
> (1) From the final judgment entered in any action or proceeding. . . .

*Nestegard v. Investment Exch. Corp.*, 5 Wn. App. 618, 622-23, 489 P.2d 1142 (1971), states:

> The question whether a judgment is final for appeal purposes is not always clear. . . . Some light is cast upon the meaning of the term judgment in CAROA 14(1) when considered in connection with RCW 4.56.010, which defines judgment as "the final determination of the rights of the parties in the action."

RCW 4.56.010 was superseded by CR 54(a) following the 1971 decision in *Nestegard v. Investment Exch. Corp.*, *supra*. CR 54(a), however, also defines a judgment as "the

---

sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged."

final determination of the rights of the parties in the action . . ."

Further, RCW 7.16.020, relating to the special writs of certiorari, mandamus, and prohibition, states that

A judgment in a special proceeding is the final determination of the rights of the parties therein.

RCW 7.16.350 mandates that

From a final judgment in the superior court, in any such proceeding, an appeal shall lie to the supreme court or the court of appeals.

Under these statutes, the Superior Court's denial of the petition for a writ of prohibition was the final judgment and determination of the rights of the parties in the special proceeding, and was appealable under RCW 7.16.350. *See State ex rel. Spokane & E. Trust Co. v. Superior Court*, 109 Wash. 634, 187 P. 358, 9 A.L.R. 157 (1920); *State ex rel. Prosecuting Attorney v. Union Sav. Bank*, 86 Wash. 48, 149 P. 327 (1915).

■ The second issue presented is whether the Superior Court erroneously denied the petition for a writ of prohibition. Before a writ of prohibition may be granted, two prerequisites must be satisfied: (1) the judicial action to be restrained must be in excess of the court's jurisdiction, and (2) no plain, speedy, and adequate remedy in the ordinary course of law, either by appeal or writ of review from the challenged ruling, can be available to the moving party. RCW 7.16.290; RCW 7.16.300; *Adams v. Allstate Ins. Co.*, 56 Wn.2d 834, 355 P.2d 838 (1960); *Johnson v. Pate*, 54 Wn.2d 148, 338 P.2d 131 (1959); *State ex rel. Rupert v. Lewis*, 9 Wn. App. 839, 515 P.2d 548 (1973).

A writ of prohibition in superior court to review a judicial ruling in a municipal or district justice court criminal proceeding is inappropriate, for a plain, speedy, and adequate remedy by appeal is available. *Clough v. Seattle*, 47 Wn.2d 716, 289 P.2d 728 (1955); *State ex rel. Heidal v. Bresemann*, 42 Wn.2d 674, 257 P.2d 637 (1953); *State ex rel. Morrow v. DeGrief*, 40 Wn.2d 667, 246 P.2d 459 (1952); *State ex rel. O'Brien v. Police Court*, 14 Wn.2d 340, 128

P.2d 332, 141 A.L.R. 1257 (1942); *State ex rel. Sibbald .v. Huntington*, 1 Wn.2d 413, 96 P.2d 446 (1939); *State ex rel. Lyon v. Police Court*, 53 Wash. 361, 101 P. 1082 (1909).

■ Later cases recognize that a criminal appeal from a municipal or district justice court to the superior court invokes a trial de novo that is conducted without reference to irregularities that may have occurred in the lower court trial. In essence, all irregularities occurring in either district justice or municipal court are waived by taking an appeal that invokes a trial de novo in superior court. *Seattle v. Schaffer*, 71 Wn.2d 600, 430 P.2d 183 (1967); *Seattle v. Buerkman*, 67 Wn.2d 537, 408 P.2d 258 (1965); *State v. Ladiges*, 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Miller*, 59 Wn.2d 27, 365 P.2d 612 (1961); *State v. Buckman*, 51 Wn.2d 827, 322 P.2d 881 (1958). *See also* 1 V. Towne, Wash. Prac. § 1687 (2d ed. 1976); 4 L. Orland, Wash. Prac. 609-612 (2d ed. 1968). As recently stated in *Seattle v. Crockett*, 87 Wn.2d 253, 256, 551 P.2d 740 (1976), on a criminal appeal from municipal court, "the superior court is vested with jurisdiction to proceed with the case as if it had been commenced originally in that court."

■ Most errors allegedly occurring in a district justice court trial may be asserted anew in the superior court trial de novo. The objection in the instant case, however, is one which cannot be asserted anew in a trial de novo. It invokes the denial of a motion to dismiss based on an alleged violation of JCrR 3.08 requiring a trial within 60 days absent good cause to the contrary. The objection is to an alleged legal irregularity occurring in the municipal court. The defendant may assert a motion to dismiss for violation of the speedy trial rule, CrR 3.3, but cannot reassert a violation of JCrR 3.08 as error. *See Seattle v. Crockett, supra.*

The question is, therefore, whether a defendant has "other adequate remedy" than appeal by "writ of review from the challenged decision." *Johnson v. Pate, supra* at 149.

■ The statutes concerning municipal courts reveal

that criminal defendants have a procedure for challenging alleged errors occurring in the municipal court by writ of review taken after the entry of final judgment. RCW 3.50.370; RCW 35.20.030; *Seattle v. Buerkman, supra*; 4 L. Orland, Wash. Prac. 610 (2d ed. 1968). Although no similar statute exists for the district justice courts, it has been recognized that the same opportunity to challenge errors of law occurring in the district justice court is present through a writ of review filed in the superior court following judgment in district justice court. *See State v. Ladiges, supra*; *State v. Miller, supra*; *State ex rel. Clark v. Hogan*, 49 Wn.2d 457, 303 P.2d 290 (1956); 1 V. Towne, Wash. Prac. § 1688 (2d ed. 1976). As stated in *State v. Miller, supra* at 29,

> A defendant has an independent action in the superior court to require conformance to the law in procedural matters in the justice court.

1 V. Towne, Wash. Prac. § 1688, at 763 (2d ed. 1976) states:

> In cases where it is contended that the justice exceeded his jurisdiction or that improper service was made on the defendant or that the justice erred in procedural matters, a writ of certiorari is a proper remedy. The choice between review on appeal or upon a writ of certiorari is often a difficult one to make. Where the case has been properly tried on its merits, an appeal should be taken. But where the lack of jurisdiction of the justice is challenged or where the justice has made jurisdictional errors in procedure, a writ of certiorari is used.

Accordingly, here the petition for a writ of prohibition was properly denied, for the defendant had an adequate opportunity to challenge the denial of the motion to dismiss for an alleged violation of JCrR 3.08 by seeking a writ of review in the Superior Court following the final judgment in municipal court.[2] The policy reasons for our conclusion

---

[2]The present holding is not contrary to *State ex rel. Rushmore v. Bellevue Dist. Justice Court*, 15 Wn. App. 675, 552 P.2d 693 (1976), and *State ex rel. Rupert v. Lewis*, 9 Wn. App. 839, 515 P.2d 548 (1973). Those cases reach the merits of appeals from superior court denials of interlocutory writs of prohibition and review seeking dismissal of district justice court criminal actions for violations of the speedy trial

precluding the interlocutory exercise of the Superior Court's extraordinary jurisdiction are compelling. The language in *State ex rel. Lyon v. Police Court, supra* at 363 is appropriate:

> The court feels also that it is necessary to enforce this rule with strictness. If a party may, on a trial before a police judge, have a writ of prohibition on the theory that the court is acting without or in excess of jurisdiction, every time that court rules against his contention, trials in such courts will become a farce, and there will be no such thing as punishment for petty offenses. Suppose for example, that we entertained the present writ, determined the questions suggested on their merits against the appellants, and sent the case back for further proceedings, is there any reason why they might not sue out another writ, based on a contention similar to the one they are invoking now, on the first ruling that court makes in the case which disagrees with their ideas of their rights in the matter? And if this be possible, why may not a third or fourth or a fifth writ be sued out before the trial reaches its end? But such a practice would be intolerable. It is the policy of the law, and the practice should be so regulated, that a person accused of crime before an inferior court shall have a continuous trial interrupted only by the necessary adjournments; and when judgment is pronounced in the case, if it be against him, one review of the judgment, in which all the questions that arose in the trial and which he believes were erroneously decided to his prejudice, can be examined by the appellate tribunals for error.

Both prerequisites to the granting of a writ of prohibition must be present. Since the defendant had an adequate remedy in the ordinary course of legal procedures to challenge the municipal court ruling by writ of review after judgment, we need not consider whether the denial of the motion to dismiss was in excess of jurisdiction.

In conclusion, we note that although RCW 7.16.350 authorizes this appeal, RAP 18.9(c), effective July 1, 1976, provides that

---

rule JCrR 3.08. However, in neither case was the requirement that a petitioner bringing an interlocutory writ have no other adequate remedy by appeal or writ of review after judgment raised or discussed.

The appellate court will, on motion of a party, dismiss review of a case . . . (2) if the application for review is frivolous, moot, or solely for the purpose of delay, . . .

In addition, RAP 18.9 (a) and (b) state in part:

> (a) **Sanctions.** The appellate court on its own initiative or on motion of a party may order a party or counsel who uses these rules for the purpose of delay . . . to pay terms . . . to any other party who has been harmed by the delay . . .
> (b) . . . The commissioner or clerk, on 30 days notice to the parties, may (1) dismiss a review proceeding as provided in section (a) . . .

Applications for interlocutory writs to review legal rulings of a municipal court judge are inappropriate and should be denied except in extraordinary circumstances. A defendant has an adequate means to obtain a review after a trial, conviction, judgment, and sentence, by writ of review. Considerations of efficient judicial administration favor one comprehensive judicial review. The interlocutory, piecemeal appellate review of cases should be discouraged. These same considerations also warrant the dismissal of appeals from a denial of an application for interlocutory review of a municipal court ruling as frivolous. The need for efficient judicial administration and the orderly resolution of cases without needless delay may result in the dismissal of such appeals and the imposition of terms in such appeals in the future pursuant to RAP 18.9.

The judgment of the Superior Court denying the application for a writ of prohibition is affirmed.

FARRIS and ANDERSEN, JJ., concur.

Petition for rehearing denied February 10, 1977.

Review granted by Supreme Court July 27, 1977.