[No. 38462-7-I.  Division One.  May 1, 1996.]

JORDAN BROWER, ET AL., *Appellants*, v. JOHN CHARLES, ET AL., *Respondents*.

54

*Jordan Brower* and *Linda Jordan*, pro se, and *J. Richard Aramburu*, for appellants.

*Norm Maleng, Prosecuting Attorney*, and *Susan N. Slonecker, Deputy*; and *Mark H. Sidran, City Attorney*, and *Sandra Cohen, Assistant*, for respondents.

AGID, J. — On April 3, 1996, the Seattle City Council passed Ordinance 118057 to place Proposition 1 before Seattle's voters in a special election on May 21, 1996. If approved by the voters, Proposition 1 will authorize the City to temporarily lift the statutory 106 percent limit on regular property tax levies pursuant to RCW 84.55.050 to fund the South Lake Union Project, commonly known as the Commons project. Section 9 of the ordinance asks the King County Manager of Records and Elections (Manager), John Charles, to call a special election pursuant to RCW Ch. 29.13, the special elections statute. Under RCW 29.13.020(2) the county auditor, upon the request of a governing body received 45 days before the proposed special election date, may call a special election if he determines an emergency exists. In King County, the county Manager of Records and Elections performs the functions of the county auditor for election purposes. *See* RCW 29.01.043. In order to comply with the 45–day time limit under RCW 29.13.020(2), the ordinance authorizes and directs the City Clerk to certify Proposition 1 to the Manager no less than 45 days prior to May 21, 1996, the

proposed special election date.[1] Mayor Rice approved the ordinance on April 3, the same day the council passed it. Under section 12 of the ordinance, it does not take effect for 30 days after the Mayor's approval; i.e., May 3, 1996.

■ The Manager received a certified copy of Ordinance 118057 on April 5. On April 9, Jordan Brower and Linda Jordan filed a petition for a writ of prohibition and a complaint for an injunction and declaratory relief in the King County Superior Court seeking to keep Proposition 1 off the May 21 ballot. They contend that the City Clerk's delivery of the ordinance to the Manager on April 5 was null and void because the ordinance, which directs her to certify Proposition 1 to the Manager, has not yet taken effect. They argue that she does not have authority to certify the proposition until the effective date of the ordinance, May 3, and that the Manager should be prohibited from placing it on the May 21 ballot because the City cannot comply with the 45–day time limit under the special elections statute. The superior court denied the writ of prohibition,[2] and the petitioners asked this court to review that ruling on an emergency basis. We granted their request for accelerated review and agreed to consider this case without the trial court record.[3] We hold that the petitioners have not shown that the Manager is acting in excess

[1]Section 9 of the Ordinance, provides:

"The King County Director of Records and Elections, as ex officio supervisor of elections, is hereby requested to find the existence of an emergency pursuant to RCW Chapter 29.13, as described in Section 2, and is requested to assume jurisdiction of and to call and conduct a special election and to submit to the qualified electors of the City the proposition set forth below. The City Clerk is hereby authorized and directed not less than forty–five (45) days prior to May 21, 1996, to certify the proposition to the King County Director of Records and Elections."

[2]The trial court did not rule on the petitioners' request for an injunction or declaratory judgment.

[3]Because we do not have the trial court record before us, we will consider only those facts the parties do not dispute. Accordingly, we do not need to rule on the City's motion to strike the petitioners' April 17, 1996 declaration supporting their motion for accelerated review and we deny its motion to file a declaration to controvert facts in the petitioners' declaration, all of which are irrelevant to our decision.

of his jurisdiction, a showing they must make before a court can issue a writ of prohibition. Accordingly, we affirm the trial court.

■ As a preliminary matter, the City contends this case is not properly before us on appeal because the order denying the writ of prohibition is subject only to discretionary review. The City is wrong. A writ of prohibition is a special proceeding under RCW Ch. 7.16. RCW 7.16.020 provides that a "judgment in a special proceeding is the final determination of the rights of the parties therein." RCW 7.16.350 governs appellate review of rulings on extraordinary writs. It states: "From a final judgment in the superior court, in any such proceeding, appellate review by the supreme court or the court of appeals may be sought as in other actions." A trial court's disposition of an application for an extraordinary writ, therefore, is an appealable final judgment. *See State ex rel. Moore v. Houser*, 16 Wn. App. 363, 556 P.2d 556 (1976), *reversed on other grounds*, 91 Wn.2d 269, 588 P.2d 219 (1978). Accordingly, we resolve this appeal on the merits.

■ A writ of prohibition is the counterpart to a writ of mandamus. RCW 7.16.290. The superior court has authority to issue writs of prohibition to arrest "the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." RCW 7.16.290. The statutory writ may be invoked to prohibit judicial, legislative, executive, or administrative acts if the official or body to whom it is directed is acting in excess of its power. *Windsor v. Bridges*, 24 Wash. 540, 543, 64 P. 780 (1901). Prohibition is a drastic remedy and may only be issued where (1) a state actor is about to act in excess of its jurisdiction and (2) the petitioner does not have a plain, speedy and adequate legal remedy. *County of Spokane v. Local 1553, American Federation of State, County & Mun. Employees, AFL–CIO*, 76 Wn. App. 765, 768, 888 P.2d 735 (1995); *see also Kreidler v. Eikenberry*, 111 Wn.2d 828, 838, 766 P.2d 438 (1989). If either of these

factors is absent, the court cannot issue a writ of prohibition. *Kreidler*, 111 Wn.2d at 838.

The dispositive issue here is whether the Manager would be acting outside his jurisdictional authority if he held a special election on May 21. The Manager's authority to call a special election in this situation derives from RCW 29.13.020, the special elections statute.[4] It provides that all "city, town, and district general elections shall be held throughout the state of Washington on the first Tuesday following the first Monday in November in the odd–numbered years." RCW 29.13.020(1). Under section (2) of the statute

> [t]he county auditor, as ex officio supervisor of elections, upon request in the form of a resolution of the governing body of a city, town, or district, presented to the auditor at least forty–five days prior to the proposed election date, may, if the county auditor deems an emergency to exist, call a special election in such city, town, or district[.]

The next special election date designated by the statute is May 21, 1996. *See* RCW 29.13.020(2)(d) (designating the third Tuesday in May as a special election date). As we noted above, the petitioners' sole contention is that the Manager should be prohibited from holding a special election on May 21 because the City Clerk did not have authority to certify Proposition 1 to him before May 3. Because she lacked authority to act until the effective date of the ordinance, they argue, it is impossible for the City to meet the 45–day deadline under the special elections statute.

The petitioners are correct that Ordinance 118057

---

[4]A taxing district also has authority to call a special election to authorize an increase in the regular property tax levy under RCW 84.55.050(1), but the City did not proceed under this statute. Unlike RCW 29.13.020(2), the levy statute does not require an emergency or 45 days notice as prerequisites to calling a special election. *Cf. Long v. City of Olympia*, 72 Wn.2d 85, 431 P.2d 729 (1967) (emergency is not a prerequisite to special annexation election for this purpose). Although the City claimed at oral argument that it may have been calling a special election under RCW 84.55.050, it is clear from sections 2(c) and 9 of the ordinance that it was relying on the special elections statute.

will not take effect until May 3. We do not agree, however, that the City Clerk's act of delivering the ordinance to the Manager before its effective date has any bearing on his jurisdiction to call a special election for May 21 under RCW 29.13.020(2). Under that statute, the Manager may call a special election if the governing body of a city presents a request at least 45 days prior to the proposed election date and if he deems an emergency to exist. The language of the statute is very broad and grants the Manager complete discretion to determine whether a special election is warranted. There is no dispute that the Manager received Ordinance 118057 within 45 days of the proposed special election date and that it contained a request from the City Council to hold a special election. Once these steps were taken, the act of calling a special election was entirely within his discretion. A writ cannot issue to prohibit a discretionary act. *Cf. Teed v. King County*, 36 Wn. App. 635, 642, 677 P.2d 179 (1984) (writ of mandamus, RCW 7.16.160, the counterpart of a writ of prohibition, will not lie to compel performance of a discretionary act). We hold that the petitioners are not entitled to a writ of prohibition because the action they challenge here, *i.e.*, the Manager's decision to call a special election, is a purely discretionary one.

The petitioners' argument confuses the City Clerk's authority to act under the ordinance with the Manager's jurisdiction to call a special election. Whether or not the City Clerk was acting without authority in certifying the ordinance does not affect the Manager's jurisdiction under the special elections statute. Once he receives a timely request for a special election, RCW 29.13.020(2) clearly grants him jurisdiction to call a special election. A statutory writ of prohibition is only available to arrest an action in excess of a state actor's jurisdiction. It is not a proper remedy, however, where the only allegation is that the actor is exercising jurisdiction in an erroneous manner. *Coughlin v. Seattle School Dist. 1*, 27 Wn. App. 888, 892, 621 P.2d 183 (1980). Even assuming the petitioners are correct, that the City Clerk acted without authority,

her alleged lack of authority cannot deprive the Manager of jurisdiction to call a special election because that jurisdiction is clearly conferred by statute.[5] Therefore, a writ of prohibition is not available to stop the May 21 election.[6]

■ The petitioners contend that the City's timing has compromised the public's right to receive adequate notice of Proposition 1. We disagree. The purpose of the 45–day requirement under the special elections statute is to allow the county auditor sufficient time to accomplish administrative tasks associated with a special election. It is not designed to give the public that amount of notice of an upcoming election. By statute, the public is entitled to only 10 days' notice of an upcoming election. RCW 29.27.080(1). Even this notice provision has been construed as a directory statute, requiring only substantial compliance. *See School Dist. 81 v. Taxpayers*, 37 Wn.2d 669, 225 P.2d 1063 (1950). Furthermore, the public's right to challenge a city ordinance by referendum, as provided in the City's Charter, is not implicated here because an ordinance to place a ballot proposition before the voters is not subject to a referendum. *See Langdon v. City of Walla Walla*, 112 Wash. 446, 468, 193 P. 1 (1920). Thus, although the petitioners are dissatisfied with the timing of the City's actions because it leaves them less time than they wish to campaign against Proposition 1, there is no right to notice under either state law or Seattle's charter that has been

---

[5]The petitioners contend this issue is controlled by *Fain v. Chapman*, 89 Wn.2d 48, 569 P.2d 1135 (1977). We disagree because the statute in that case, by its terms, prohibited holding an election before a certain date. Furthermore, *Fain* did not address the issue presented here; whether a writ of prohibition can issue to prevent a special election called under RCW Ch. 29.13 where a governing body has lodged a timely request for the election with the county auditor.

[6]While we hold that the Manager has discretion to determine whether a governing body's request is sufficient to invoke his special election powers, he clearly has no discretion to make determinations regarding the *content* of ballot measures. *See Save Our State Park v. Hordyk*, 71 Wn. App. 84, 92, 856 P.2d 734 (1993). Accordingly, he could not look behind the City Clerk's certification and transmittal letter to determine whether she had authority to act or whether the Council was authorized to direct her to act prior to the effective date of the ordinance.

infringed by the City Clerk's certification of Ordinance 118057 to the Manager before its effective date.

Because we conclude that the Manager has jurisdiction to call a special election on May 21, we do not address the second showing required for a writ of prohibition: whether the petitioners have another adequate legal remedy available to them. Similarly, we do not reach the issue of whether the ratification clause in Ordinance 118057, which prospectively ratifies the City Clerk's certification of the ordinance as of its effective date, was illegal, as the petitioners contend or whether it renders the petitioners' challenge moot as the City argues.

Affirmed.

BAKER, C.J., and COLEMAN, J., concur.

Review denied at 130 Wn.2d 1028 (1997).