[No. 6558. Decided September 11, 1907.]

THE STATE OF WASHINGTON, *on the Relation of Fred Martin,* Appellant, v. J. D. HINKLE, *Police Justice of Spokane, Respondent.*[1]

PROHIBITION—OTHER ADEQUATE REMEDY—VALIDITY OF ORDINANCE. Prohibition does not lie to prevent a trial for the violation of a city ordinance, which is claimed to be void; since there is an adequate remedy by appeal or by writ of *habeas corpus.*

Appeal from an order of the superior court for Spokane county, Kennan, J., entered September 6, 1906, denying a writ of prohibition to restrain a justice from further proceeding with the trial of a cause. Affirmed.

[1]Reported in 91 Pac. 640.

*Happy & Hindman* and *Sullivan, Nuzum & Nuzum,* for appellant.

*J. M. Geraghty* and *Lester P. Edge* (*J. D. Campbell,* of counsel), for respondent.

PER CURIAM.—The appellant was complained against in the police court of the city of Spokane for keeping his place of business open on Sunday, in violation of a city ordinance. Upon being arrested and brought before the police justice for trial, he applied to the superior court of Spokane county for a writ of prohibition, to restrain the police justice from further proceeding with the trial of the cause. From an order denying the writ, the present appeal is prosecuted.

The only question presented by the appeal is thus stated in the appellant's brief: "Had the municipal corporation of Spokane authority and power to pass an ordinance which denounces an act to be an offense or crime when the same act is also made an offense under the general statutes of the state, in the absence of a statute granting to the municipality the specific power to do so?"

Manifestly questions of this kind cannot be determined on an application for a writ of prohibition. Such writs will only issue to arrest the proceedings of a tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person, and where there is no plain, speedy and adequate remedy in the ordinary course of law. Bal. Code, §§ 5769, 5770 (P. C. §§ 1422, 1423); *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, and cases cited. In this case the appellant had an adequate remedy in the ordinary course of law, either by appeal from an adverse judgment or by application for a writ of habeas corpus. The application for the writ was properly denied, and the judgment is therefore affirmed.