[No. 31873.   Department Two.   June 26, 1952.]

THE STATE OF WASHINGTON, *on the Relation of William Morrow, Appellant,* v. ROY DEGRIEF, *as Judge of the Municipal Court for the City of Seattle, Respondent.*[1]

*Law & Law,* for appellant.

*A. C. Van Soelen* and *John A. Homer,* for respondent.

HILL, J.—William Morrow applied to the superior court for King county for a writ prohibiting the municipal court of Seattle from proceeding to trial in a certain case against him. His application was dismissed after a demurrer thereto had been sustained. This appeal followed.

It is conceded that Morrow was arrested March 5, 1951, by police officers of the city of Seattle, for alleged violations of the traffic code of that city; that March 6th the municipal court of that city set April 20th as the date for trial of the case; that April 16th Morrow's counsel requested a copy of the complaint and was advised by the clerk of the municipal court that the complaint was not yet on file and would not be on file until the date set for trial; that on the same day, April 16th, Morrow moved for dismissal of the action, on the ground that no complaint had been filed within thirty days of his arrest nor as of the date of his motion; that the motion was denied without any cause being shown to the court for the delay in filing the complaint.

[1]Reported in 246 P. (2d) 459.

Morrow relies upon Rem. Rev. Stat., § 2311 [P.P.C. § 120-13], which reads as follows:

"Whenever a person has been held to answer to any criminal charge, if an indictment be not found or information filed against him within thirty days, the court shall order the prosecution to be dismissed, unless good cause to the contrary be shown."

(The revisers have, in RCW 10.37.020, inserted the words "to the superior court" after the word "answer" in the first line of the section above quoted.)

██ We do not find it necessary to consider the question of whether this statute applies to violations of municipal ordinances prosecuted in municipal courts, nor to consider the propriety of the change made by the revisers, but place our affirmance of the trial court squarely upon the proposition that Morrow had an adequate remedy by appeal and was therefore not entitled to the extraordinary remedy of a writ of prohibition. If the municipal court erred in its ruling on Morrow's motion, and if he were ultimately convicted, the question of jurisdiction could be raised and determined on appeal in the superior court. *State ex rel. O'Brien v. Police Court*, 14 Wn. (2d) 340, 128 P. (2d) 332, 141 A. L. R. 1257 (1942).

It would be needless repetition and, as counsel for respondent suggests, a work of supererogation, to repeat what was so ably said by Judge Steinert, speaking for the court, in *State ex rel. O'Brien v. Police Court, supra,* pointing out that prohibition will not lie even though a court proceeds without or in excess of its jurisdiction, if there is an adequate remedy by appeal. That opinion seems to us to answer every contention the appellant has made relative to the inadequacy of his remedy by appeal.

The judgment of the superior court dismissing Morrow's application for a writ of prohibition is affirmed.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.