76 Wn. App. 754 (1995)
887 P.2d 914
THE STATE OF WASHINGTON, Respondent,
v.
W.W., Appellant.
Nos. 33410-7-I; 34647-4-I.
The Court of Appeals of Washington, Division One.
January 30, 1995.
*755 Eric Broman, for appellant.
Norm Maleng, Prosecuting Attorney, and Angela Yvonne Griffin, Deputy, for respondent.
PEKELIS, C.J.
W.W. was found guilty of child rape in the first degree and child molestation in the first degree. The trial court imposed a manifest injustice sentence of 52 weeks for each offense. W.W. appeals his conviction as well as the trial court's denial of his motion for release pending appeal of his manifest injustice sentence. He contends that (1) the trial court erroneously applied JuCR 7.13 rather than the statutory provision for release to his case and (2) the categories created by JuCR 7.13 violate equal protection. We affirm the conviction, but hold that the trial court erred in denying W.W.'s motion for release pending appeal.
On August 26, 1993, W.W. filed a timely notice of appeal which indicated his intent to challenge both the conviction and the manifest injustice sentence. By early May 1994, W.W. had served the top of the standard range for his offenses. On May 4, 1994, he filed a motion in juvenile court requesting release pending appeal of the manifest injustice disposition under RCW 13.40.230(5). The trial court determined that JuCR 7.13 governed W.W.'s request and denied his motion for release.
On June 1, 1994, W.W. filed a motion for accelerated review of the disposition with this court. See RAP 18.13. On *756 June 3, a commissioner heard argument on the motion. On June 6, W.W. filed a notice of appeal from the denial of his motion for release. On June 16, 1994, the Commissioner granted accelerated review, vacated the disposition, and remanded the case to the trial court for it to reconsider whether a manifest injustice sentence was appropriate.[1]
[1] Because W.W.'s manifest injustice sentence was vacated, the issue of whether he was improperly denied release pending appeal is moot. Nevertheless, this court has determined that the issue is a matter of continuing and substantial public interest, and therefore we will address the merits.[2]In re Myers, 105 Wn.2d 257, 261, 714 P.2d 303 (1986).
In this appeal, we are asked to resolve the apparent conflict between JuCR 7.13 and RCW 13.40.230(5). Juvenile Court Rule 7.13 purports to regulate the right to release pending appellate review. Under this rule, RCW 13.40.230(5) governs a juvenile's request for release when the juvenile has appealed only the disposition. However, if additional or different errors are asserted, the juvenile will only be released if detention is not necessary to prevent him or her from fleeing the jurisdiction or posing a danger to others or property. JuCR 7.13.
In contrast, under RCW 13.40.230(5), release pending appeal of the disposition is automatic; it does not require a showing that the juvenile is not dangerous or likely to flee. The statute simply states that "[p]ending appeal, a [juvenile] may not be committed or detained for a period of time in excess of the standard range for the offense(s) committed or sixty days, whichever is longer." RCW 13.40.230(5).
*757 The trial court found that JuCR 7.13 governed W.W.'s request for release and denied his motion. W.W. contends that this was error, urging us to read the court rule in such a manner as to give him the benefit of the statutory provision for release. He notes that when a court rule and a statute are in apparent conflict, "[a]ll provisions should be harmonized whenever possible, and an interpretation which gives effect to both provisions is the preferred interpretation." Emwright v. King Cy., 96 Wn.2d 538, 543, 637 P.2d 656 (1981).
[2, 3] Unfortunately, although harmonizing conflicting provisions is the preferred mode of interpretation, we find that to do so in this case would render meaningless JuCR 7.13 which reads:
If the only error asserted on appellate review is the appropriateness of the disposition, release ... is governed by RCW 13.40.230(5). If additional or different errors are asserted, the juvenile court shall release the juvenile pending review ... [if] detention is not necessary to prevent the juvenile from fleeing the jurisdiction or harming the juvenile or the person or property of others....
(Italics ours.) W.W. contends that the second line of the rule should be interpreted to govern only appeals in which no challenge to the appropriateness of the disposition is made. To interpret the rule in this manner, we would have to ignore the words "only" and "additional". The word "only" makes it clear that the Supreme Court meant to limit release under RCW 13.40.230(5) to situations in which just the disposition and nothing else was appealed. The inclusion of "additional" in the second sentence indicates that the statutory provision for release does not apply when the disposition plus something else is appealed.
Ordinary principles of construction require this court to give effect to the clear meaning of a court rule:
A court rule must be construed so that no word, clause or sentence is superfluous, void or insignificant. The language must be given its plain meaning according to English grammar usage. When the language of a rule is clear, a court cannot construe it contrary to its plain statement.
State v. Raper, 47 Wn. App. 530, 536, 736 P.2d 680, review *758 denied, 108 Wn.2d 1023 (1987). To interpret JuCR 7.13 in the way W.W. suggests would require us to render two of the words in the rule meaningless. Therefore, although harmonizing the court rule with the statute is preferred, it cannot be accomplished in the manner W.W. suggests, and we conclude that the two laws conflict.
[4] When a court rule and a statute conflict, the nature of the right at issue determines which one controls. State v. Smith, 84 Wn.2d 498, 501, 527 P.2d 674 (1974). If the right is substantive, then the statute prevails; if it is procedural, then the court rule prevails. Smith, at 501-02. This standard reflects the division of power between the two branches issuing the conflicting regulations. Smith, at 501; see also Emwright, at 543.
[5] The right to release pending appeal is a procedural right to be regulated by the judicial branch of government. Smith, at 501. As a result, JuCR 7.13 takes precedence over the conflicting provisions of RCW 13.40.230. Therefore, as a matter of statutory construction, the trial court did not err in applying JuCR 7.13.
[6] However, we must still decide whether, as W.W. contends, the court rule itself violates equal protection. Juvenile Court Rule 7.13 creates two classes of juvenile appellants: (1) those who challenge only the appropriateness of the disposition and (2) those who assert additional or different grounds for an appeal. "Under the equal protection clause of the Washington State Constitution, article 1, section 12, and the fourteenth amendment to the United States Constitution, persons similarly situated with respect to the legitimate purpose of the law must receive like treatment." State v. Coria, 120 Wn.2d 156, 169, 839 P.2d 890 (1992).
[7, 8] The statutory provision for release pending appeal seeks to preserve juveniles' remedies should their appeal of the manifest injustice sentence be successful. RCW 13.40.230(5). The court rule, however, allows only those who appeal just their disposition to benefit from the statute; the benefit is lost if the juvenile also appeals the adjudication. Thus, a juvenile, such as W.W., is faced with the decision of *759 whether to forgo his constitutional right to appeal the adjudication in order to ensure that his manifest injustice sentence remedy is preserved. Unnecessarily burdening an individual's right to appeal violates equal protection. Lindsey v. Normet, 405 U.S. 56, 74-79, 31 L.Ed.2d 36, 92 S.Ct. 862 (1972).
Applying "the rational basis test, a legislative classification will be upheld `unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives.'"[3]Coria, at 171. The State contends that one reason for treating the two classes of juvenile appellants created by JuCR 7.13 differently is that combining an appeal of a disposition with an appeal from an adjudication lengthens the appeal time well beyond 60 days. Therefore, when a juvenile appeals the adjudication, it is reasonable for the court to evaluate the risk to the public before granting release since the juvenile's standard range sentence or 60 days will often be complete before a decision on the appeal is issued.
It is important, however, to note that W.W. only contends that he should be released pending the decision from his appeal of his manifest injustice sentence, not that he should be released pending the decision from his appeal of the adjudication. Under RAP 18.13, juvenile appeals are bifurcated to allow for accelerated review of the manifest injustice sentence while maintaining a normal appellate time line for review of the adjudication. Because the appeal process is bifurcated, the fact that a juvenile appeals the adjudication has no effect on the accelerated review of the disposition. Thus, for purposes of the release rule of RCW 13.40.230(5), any juvenile appealing from a manifest injustice disposition can, and should, be treated exactly the same as one also appealing the adjudication itself. We, therefore, conclude that the *760 State's first-asserted basis for treating the two classes of appellants differently is without merit.
The State also contends that the dual standard is legitimate because "[j]uveniles who appeal adjudications may be more dangerous." The State supports this contention, arguing that by appealing the adjudication, juveniles are denying those actions for which they were found guilty. This lack of remorse supposedly makes them a higher risk of flight and potentially more dangerous. The flaw in this argument is that it erroneously equates the decision to appeal the adjudication with a refusal to accept guilt. A criminal defendant, adult or juvenile, has a right to appeal from alleged errors including the failure to suppress evidence or other errors which bear on the right to due process. It is ludicrous to suggest that by appealing such errors, we can draw a negative inference about the juvenile's dangerousness, risk of flight or lack of remorse. We decline to so stigmatize those who choose to exercise their right to appeal.
The State has failed to provide any rational basis for the two categories of juvenile appellants created by JuCR 7.13. As a result, we find that the rule violates equal protection and cannot be constitutionally enforced. Therefore, the trial court erred by applying JuCR 7.13 and should have instead released W.W. pending appeal of his manifest injustice sentence.
The remainder of this opinion, wherein we address W.W.'s other assignment of error, has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. See RCW 2.06.040.
BAKER and KENNEDY, JJ., concur.
NOTES
[1] W.W. has since been resentenced and has not appealed his new disposition.
[2] For this reason, we also decline the State's invitation to resolve the case under a waiver analysis since this would prevent us from reaching the merits. Although there is a good argument to be made that under RCW 13.40.230 a juvenile is required to seek review in time for the appeal to be heard within 30 days of sentencing or be deemed to have waived his right to release pending appeal, it is doubtful that waiver would apply in this case. W.W.'s delay in seeking accelerated review was unintentional. He had difficulty in obtaining a verbatim transcript of proceedings from the juvenile court, and a conflict of interest required his initial appellate counsel to withdraw causing a delay while new counsel was appointed.
[3] W.W. asks this court to apply the strict scrutiny test to determine whether the court rule is constitutional. While it implicates a juvenile's right to physical liberty, JuCR 7.13 does not target a semisuspect class. Therefore, the rational basis test is the appropriate level of constitutional scrutiny. State v. Coria, 120 Wn.2d 156, 171, 839 P.2d 890 (1992).