[No. 34861-2-I. Division One. July 29, 1996.]

THE CITY OF KIRKLAND, *Appellant*, v. WILLI J. ELLIS,
ET AL., *Respondents*.

*Kevin Tarvin*, for appellant.

*Ron Perey, Stacey L. Kekich*, and *Law Office of Ron Perey*, for respondents.

KENNEDY, J. — The City of Kirkland appeals the King County Superior Court's grant of a writ of mandamus/prohibition ordering the Northeast District Court to dismiss the traffic citations issued to Willi Ellis and David Kimmel, and prohibiting its judges from sitting at the contested traffic infraction hearings then scheduled for trial in district court. The City contends that the Superior Court erred in granting the writs because Ellis and Kimmel had an adequate remedy at law by way of an appeal. The City also contends that the Superior Court erred in awarding statutory costs to Ellis and Kimmel. We affirm the grant of the writs and the award of costs.

## FACTS

Willi Ellis and David Kimmel were cited by a City of Kirkland police officer for speeding. Both Ellis and Kimmel requested a traffic infraction contested hearing, and received a notice of hearing from the district court.[1] On the reverse side of the notices, in the section entitled "Rights of Defendants," was the following: "The right to subpoena witnesses, including the officer who issued the Notice. If you wish to subpoena a witness, you must apply to the court in person at least 5 days prior to your hearing." Clerk's Papers at 229.

Both Ellis and Kimmel went to the district court clerk's office to inquire about the procedure for requesting the

---

[1] IRLJ 2.6(a)(2) requires the district court to send the defendant written notice of the time, place, and date of the hearing within fourteen days of the receipt of the request for a hearing. The notice is also required to include a statement advising the defendant of his or her rights at the hearing, and how to request that witnesses be subpoenaed.

presence of the radar technician at their respective contested hearings. Ellis and Kimmel were told that they need only make a handwritten request. Ellis's request read: "I . . . request the police officer be present in court . . . . I further request the radar technician . . . be present." Clerk's Papers at 118-19. Kimmel's request read: "I David Kimmel request the radar technician be present for case # 159275K." Clerk's Papers at 121. Each defendant's hearing was then rescheduled to "radar day."

On March 8, 1994, Ellis and Kimmel appeared at district court for their respective contested hearings. The prosecuting attorney for the City, Kevin Tarvin, had not secured the presence of the police officer and the radar technician for the Ellis and Kimmel hearings. The district court judge continued the hearings, stating that Ellis and Kimmel had failed to serve the City with notice of their requests for these witnesses.

Both Ellis and Kimmel objected to the continuances, Ellis through counsel and Kimmel pro se. Ellis's attorney pointed out that the continuance was unfair because it would force Ellis to take off another day of work, and was solely due to the City's error. The City argued, and the court agreed, that the law required defendants requesting the presence of police officers and radar technicians to give notice of their requests to the prosecuting authority.[2]

■ On June 7, 1994, Ellis and Kimmel, after notice and a hearing, obtained a writ of mandamus/prohibition from the Superior Court. The writ prohibited the Northeast District Court and its judges from presiding at the Ellis and Kimmel contested hearings and mandated that the judges dismiss the infraction cases with prejudice. In granting the writ, the judge entered findings of fact and conclusions of law. The court found that:

---

[2]The record reflects that after the trial court granted the continuance in Ellis's case, Ellis's attorney went to the clerk's counter to inquire how to obtain the presence of the police officer and radar technician for Ellis's case. The attorney received the same explanation Ellis had been given—that nothing needed to be done except to make a handwritten request.

3. . . . The Infraction Rules for Courts of Limited Jurisdiction do not state that the citizen-defendant must appear in *person* at the court in order to request that witnesses appear at their contested hearings. . . .

4. There is no court rule requiring that the citizen-defendants serve the City of Kirkland or any prosecuting authority with a copy of the request that the citing police officer and/or the radar expert appear at a contested hearing. Plaintiffs Ellis and Kimmel followed the court rules and the instructions on the Notice of Hearing by appearing in person at the Northeast District Court and requesting in writing that the citing police officer and/or radar expert appear at their hearings. They were told by the clerks of the Northeast District Court, after they had appeared in person and requested in writing that the witnesses appear at their contested hearings, that nothing further needed to be done by them.

Clerk's Papers at 229.[3]

The City now appeals the writ of mandamus/prohibition and the Superior Court's award of statutory costs.

## DISCUSSION

### I. Issuance of the Writ

In its brief, and again at oral argument, the City insisted that appeals of traffic infraction cases fall under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ), and RALJ 2.2(a)(1)[4] in particular. Although this is true under the current rules governing the appeal of traffic infraction cases, we disagree that this was so at the time Ellis and Kimmel sought the writ.

---

[3]The City has not assigned error to the findings of fact; therefore, they are verities on appeal. *Davis v. Department of Labor & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980).

[4]RALJ 2.2(a)(1) provides: "A party may appeal from a final decision of a court of limited jurisdiction to which these rules apply under rule 1.1(a)[.]"

RALJ 1.1(a) provides: "These rules establish the procedure, called appeal, for review by the superior court of a final decision of a court of limited jurisdiction[.]"

■ Before September 1, 1995, final rulings in traffic infraction cases were not subject to appellate review under RALJ, but rather were governed by the Civil Rules for Courts of Limited Jurisdiction (CRLJ), and were generally only reviewable by a trial de novo in Superior Court. Until its amendment in September 1995, IRLJ 5.2 provided: "The Civil Rules for Courts of Limited Jurisdiction govern the procedure to appeal an infraction case. The time for appeal under CRLJ 73 begins to run from the date the court makes its disposition under [IRLJ] 3.3(e)."[5] As amended effective September 1, 1995, IRLJ 5.2 provides:

> An appeal from a court of limited jurisdiction is governed by [RALJ]. Under RALJ 1.1 the appeal from some courts is an appeal for error on the record, and the appeal from other courts is conducted as a trial de novo. The procedures for an appeal for error on the record are defined by RALJ. The procedures for a trial de novo are defined by CRLJ 73 and 75.

RALJ 1.1(a) defines those courts whose decisions are reviewed under RALJ to include district and municipal courts operating under specifically cited chapters of the Revised Code of Washington, and to "any other court required by law to have a lawyer-judge." RALJ 1.1(a) also provides that "[t]hese rules do not supercede the procedure for seeking de novo review when these rules do not apply." Because IRLJ 5.2 no longer specifies that the Civil Rules for Courts of Limited Jurisdiction (CRLJ) govern the procedure to appeal a traffic infraction case, and because Northeast District Court clearly is one of those courts specified in RALJ 1.1(a) as covered by RALJ, we conclude that traffic infraction cases coming out of that

---

[5]Consistently with the provision in former IRLJ 5.2 that traffic infraction cases were to be appealed by way of trial de novo in superior court, RAP 2.2(c) provides that a party appealing to superior court whose review is by trial de novo (as opposed to RALJ) can appeal to this appellate court as of right, *except in traffic infraction cases*. RCW 46.63.090 provides that the decision of the superior court in traffic infraction cases is subject only to discretionary review pursuant to RAP 2.3. Such a statute would have been entirely unnecessary if traffic infraction cases were originally intended to be subject to review under RALJ.

court are now reviewable under RALJ, and not by way of trial de novo.

We reject the City's argument made in its motion for reconsideration of our original unpublished opinion issued in this case that Northeast District Court's traffic infraction rulings were subject to review under RALJ even before the amendment of IRLJ 5.2. Regardless of what the actual practice in some courts may have been with respect to appeals of traffic infraction cases under RALJ before the effective date of the amendment, IRLJ 5.2 clearly stated that those appeals were governed by the trial de novo provisions found in CRLJ. Court rules must be construed so that no word, clause or sentence is superfluous, void or insignificant. The language must be given its plain meaning, and when the language is clear a court cannot construe it contrary to its plain language. *State v. W.W.*, 76 Wn. App. 754, 757, 887 P.2d 914 (1995) (citing *State v. Raper*, 47 Wn. App. 530, 536, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987)). Where two court rules (or a court rule and a statute) are in apparent conflict, " '[a]ll provisions should be harmonized whenever possible and an interpretation which gives effect to both provisions is the preferred interpretation.' " *W.W.*, 76 Wn. App. at 757 (quoting *Emwright v. King Cy.*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981)).

To construe former IRLJ 5.2 as the City requests would require us to ignore the plain language of former IRLJ 5.2. Moreover, former IRLJ 5.2 and RALJ 1.1(a) were not in conflict, in that RALJ 1.1(a) provides that the RALJ rules do not supercede the procedure for seeking de novo rule when RALJ does not apply. Former IRLJ 5.2 can have had no other meaning but that the trial de novo provisions of CRLJ 73, to which that provision specifically referred, and not RALJ, applied to the appeal of traffic infraction cases. CRLJ 73(a) makes it clear that that provision applies when RALJ does not apply. CRLJ 73(g) refers to a "trial anew" in Superior Court. CRLJ 75(b) provides that, upon the filing of the transcript of all

entries made in the docket of the court of limited jurisdiction relating to the case, together with all the process and other papers relating to the case,

> the superior court shall become possessed of the cause, and shall proceed in the same manner, as near as may be, as in actions originally commenced in that court . . . . The issue . . . shall be tried in the superior court without other or new pleadings, unless otherwise directed by the superior court.

Thus, we conclude that at the time Ellis and Kimmel sought the writ, the only type of appeal available to them was a trial de novo in superior court, following a trial at which they might be found by a preponderance of the evidence to have committed the traffic infractions with which each of them was charged. *See* IRLJ 5.1 (a defendant may appeal a judgment entered after a contested hearing that the defendant has committed the infraction and no other orders or judgments).

 A statutory writ is an extraordinary remedy, and should issue only when there is no plain, speedy and adequate remedy in the ordinary course of law.[6] *See* RCW 7.16.170,[7] .300.[8] A remedy is not inadequate merely because it is attended with delay, expense, annoyance, or even some hardship. There must be something in the nature of the action that makes it apparent that the rights of the litigants will not be protected or full redress will not be afforded without the writ. *State ex rel. O'Brien v. Police Court*, 14 Wn.2d 340, 347-48, 128 P.2d 332, 141 A.L.R. 1257 (1942). The question of whether an appeal is an adequate remedy depends on whether: (1) the error

---

[6]The determination of whether there exists a plain, speedy and adequate remedy in the ordinary course of law is based on the facts of the case and rests within the discretion of the Superior Court. *Butts v. Heller*, 69 Wn. App. 263, 266, 848 P.2d 213 (1993).

[7]RCW 7.16.170 provides in part: "The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."

[8]RCW 7.16.300 provides in part: "[A writ of prohibition] may be issued by any court . . . to an inferior tribunal . . . in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."

was so clear that reversal would be "unquestioned" if the case were already before the Superior Court on a post-judgment appeal; and (2) the litigation will terminate once the error is corrected by means of interlocutory review. *Butts v. Heller*, 69 Wn. App. 263, 268, 848 P.2d 213 (1993).

The City contends that Ellis and Kimmel had an adequate remedy at law by way of an appeal, citing *State ex rel. Morrow v. De Grief*, 40 Wn.2d 667, 246 P.2d 459 (1952) (where there is an adequate remedy at law by way of appeal, party is not entitled to a writ of prohibition).[9]

*De Grief* is inapposite. The alleged error in *De Grief* arose from a denial of the defendant's motion to dismiss for failure to file a complaint within thirty days. The *De Grief* court noted that an appeal was an adequate remedy at law because, even if De Grief were to be convicted, the question of jurisdiction could adequately be reviewed by the Superior Court at the trial de novo.

■ Here, without the writ, the only way for Ellis and Kimmel to challenge the continuance would be at a trial de novo. However, because the continuance issue arose as a procedural pretrial issue, and because of the nature and scope of a trial de novo, the Superior Court could not consider the propriety of the continuance.

In cases such as this, where errors are not reviewable by means of a trial de novo, the only adequate remedy at law is the issuance of a writ. *See City of Seattle v. Williams*, 101 Wn.2d 445, 454-55, 680 P.2d 1051 (1984) (in cases where RALJ is not applicable, error which occurs during interlocutory decisions of courts of limited jurisdiction is reachable only by means of a writ of review).

---

[9]Inconsistently with this argument, the City also argues that the Superior Court erred in granting the writ because the district court's grant of a continuance was not an appealable order, as it was not a final judgment. The city cites IRLJ 5.1 (a defendant may appeal a judgment entered after a contested hearing that the defendant has committed the infraction and no other orders or judgments). Taken literally, this language appears to mean that, even under RALJ, these defendants would have no adequate remedy at law by means of an appeal. We need not reach this issue under RALJ, as we have determined that RALJ was not applicable to the appeal of traffic infractions before September 1, 1995.

We hold that Ellis and Kimmel had no adequate remedy available at law, and that the Superior Court did not err in issuing the writ. This being so, we must next consider whether the district court had the discretion to continue the cases under IRLJ 6.6(c),[10] as claimed by the City, or whether it had a clear duty to dismiss the cases, as claimed by Ellis and Kimmel.

■ Generally, continuances are a matter left to the sound discretion of the trial court. Generally, the discretion of a court cannot be controlled by a writ of mandamus. *State ex rel. Dawson v. Superior Court*, 16 Wn.2d 300, 304, 133 P.2d 285 (1943). However, if under the undisputed facts, the court is about to enter an order that is erroneous in the law, particularly where the error is not correctable through an appeal, a writ of mandamus is proper. *E.g., State v. Jones*, 145 Wash. 258, 261-62, 259 P. 718 (1927) (writ of mandamus proper where trial court initially granted defendant's motion for judgment on the merits, but then changed its ruling to a voluntary nonsuit for the plaintiff; remedy of appeal inadequate because if during second trial jury returned a verdict in favor of plaintiff, only the sufficiency of the evidence could be challenged by appeal, and not whether the judge abused his discretion by granting the voluntary nonsuit during the first trial); *State ex rel. New York Cas. Co. v. Superior Court*, 31 Wn.2d 834, 842, 199 P.2d 581 (1948) (writ of mandamus proper where inferior tribunal about to enter an order that is erroneous in point of law).

■ IRLJ 6.6(c) allows for a continuance to obtain the testimony of a radar technician "if necessary." The word "necessary" is not defined in the rules. Its dictionary meanings most applicable here include "absolutely required," "essential," and "indispensable." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, at 1510-11 (1969).

---

[10]IRLJ 6.6(c) provides in part: "The court at the time of the formal hearing shall hear testimony concerning the infraction and, if necessary, may continue the proceedings for the purpose of obtaining evidence concerning an electronic speed measuring device and the certification thereof."

Both general standards of jurisprudence and more than seventy-five years of Washington case law dictate that a continuance is improper when the moving party has failed to exercise due diligence in issuing subpoenas for necessary witnesses. *See State v. Adamski*, 111 Wn.2d 574, 579, 761 P.2d 621 (1988) and cases cited therein. We see no indication in IRLJ 6.6(c) or elsewhere in IRLJ that "if necessary" means anything other than "good cause," the usual standard for granting a continuance. *Cf. State v. Gowens*, 27 Wn. App. 921, 924, 925-26, 621 P.2d 198 (1980) (the mere unavailability of the State's witnesses is not "good cause" to support a continuance within the meaning of JCrR 3.08, and continuance granted without good cause is reversible error); *State ex rel. Rupert v. Lewis*, 9 Wn. App. 839, 843, 515 P.2d 548 (1973) (writ of prohibition proper where district court lacked good cause to order continuance and thereby exceeded jurisdiction under JCrR 3.08).

IRLJ 1.1(b) requires that we construe IRLJ 6.6(c) to secure just, speedy and inexpensive determinations of every infraction case. Requiring a citizen who wishes to contest a traffic citation to appear at the courthouse at least three times in order to be heard is neither just, speedy or inexpensive. Here, Ellis and Kimmel were required to appear personally in order to "subpoena" witnesses. When they arrived at the court, they were told that all they had to do to secure the presence of the officer/radar technician was to make a handwritten request, which each did. Each was then given a new hearing date, on "radar day." On "radar day," each appeared. When each case was called, the city prosecutor indicated that the officer/technician was not present, and the court ordered a continuance. Each defendant objected. The court then ruled that the defendants should have served the City with notices of their requests to have the officers present, a requirement conspicuously absent from IRLJ, from the written notices given to the defendants, and from the verbal instructions given at the clerk's counter.

In order to receive a hearing, then, each defendant

would be required to make yet another trip to the courthouse, but first to make yet another try to secure the presence of the officer/technician. Upon leaving the courtroom and inquiring as to the proper procedure, Ellis's attorney was told exactly the same thing Ellis and Kimmel had been told—only a handwritten request was necessary. If there is a rule requiring the defendants to have notified the City of their requests to have the officer/ technician present in court, the clerk was obviously unaware of it. Indeed, the City·has pointed to no such rule in its briefing for the Superior Court, or for this appeal—a deficiency respondents have pointed out on more than one occasion.

Apparently, the City either had no mechanism in place for ascertaining from the court clerk which defendants had requested the presence of the officer and/or technician, or failed to utilize any such mechanism. This being so, and because the City cannot show that Ellis and Kimmel failed to take some necessary step to secure the witness's presence, we can conclude only that the City failed to exercise due diligence and that no good cause for a continuance existed. Accordingly, the continuance was not "necessary" as required by IRLJ 6.6(c) and the trial judge exceeded his authority by granting the continuance. The writ was properly issued by the Superior Court.[11]

## II. Statutory Costs Award

The Superior Court awarded statutory costs pursuant to RCW 7.16.260:

**Judgment for damages and costs-Peremptory mandate**

If judgment be given for the applicant he may recover the damages which he has sustained, as found by the jury or as

---

[11]Ellis and Kimmel also argue that the continuance granted by the district court violated their due process and equal protection rights because other defendants who appeared had their cases dismissed when it was learned that the respective city prosecutors had failed to appear. Our resolution of the propriety of the writ makes consideration of this additional argument unnecessary.

may be determined by the court or referee, upon a reference to be ordered, *together with costs*[.]

(Italics ours.)

The City contends that the Superior Court erred in awarding statutory costs to Ellis and Kimmel because cost awards in traffic cases are prohibited by statute. *See* RCW 46.63.151.[12] The City argues that the nature of this case is not determined by the level it is at procedurally, i.e., a writ, or an appeal, but rather, by the nature of the underlying cases, i.e., traffic infraction cases.

■ We disagree, and conclude that RCW 46.63.151 is inapplicable because this is now a writ case. This appeal arose from a separate writ action, as is evidenced by the payment of a separate filing fee and the service of process prior to proceeding with the writ action. Accordingly, we affirm the Superior Court's award of statutory costs.

Affirmed.

BAKER, C.J., and WEBSTER, J., concur.

---

[12]RCW 46.63.151 provides: "Each party to a traffic infraction case is responsible for costs incurred by that party. No costs or attorney fees may be awarded to either party in a traffic infraction case[.]"