FILED
COURT OF APPEALS
DIVISION II

2013 AUG 20 PM 12: 45

STATE OF WASHINGTON

BY_____
      DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JAMES BYRON HOLCOMB, individually and as the Personal Representative of the Estate of Karen R. Holcomb,<br><br>Appellants,<br><br>v.<br><br>ASSIGNED JUDGE FOR THE KITSAP COUNTY DISTRICT COURT IN NO. 1 00203333; DIRECTOR, KITSAP COUNTY HEALTH DISTRICT; and PROSECUTING ATTORNEY KITSAP COUNTY,<br><br>Respondents. | No. 42917-9-II<br><br>UNPUBLISHED OPINION |

FEARING, J. — James Byron Holcomb appeals the superior court's denial of his writ of prohibition. Holcomb sought the writ of prohibition to prevent the Kitsap County Health District (Health District) and the Kitsap County prosecuting attorney from enforcing an ordinance that required him to have a valid operation and maintenance (O&M) agreement for his alternative sewage system. He primarily argues that the ordinance is unconstitutional. Because Holcomb had an adequate remedy at law, he is not entitled to the extraordinary remedy of a writ of prohibition. We hold that the trial court properly denied his writ. Accordingly, we affirm.

## FACTS

Holcomb owns property on Bainbridge Island in Kitsap County. In the late 1990's, the Health District demanded that Holcomb repair his septic tank system—a simple septic tank with

an associated drain field. In 2001, the superior court issued an injunction requiring Holcomb to repair the system. As a result, Holcomb installed a new Glendon Biofilter septic system. He also signed a notice to title acknowledging that his new system was an alternative method of sewage disposal, which required regularly scheduled maintenance and monitoring. As required by a Kitsap County Board of Health (KCBH) ordinance, Holcomb also signed a one-year O&M agreement for the septic system. Holcomb did not renew his O&M contract or obtain another after the first contract lapsed on October 1, 2002.[1]

Thereafter, the Health District sent Holcomb annual notice that KCBH regulations required landowners with alternative septic systems to have an O&M agreement. Holcomb contends that he objected to each notice and concedes that he did not obtain the required O&M agreement.

On June 17, 2011, the Health District filed a notice of civil infraction in Kitsap County District Court against Holcomb for failure to hold an O&M agreement for his alternative sewer system in violation of KCBH Ordinance No. 2008-1, section 13(C)(17)(a).[2] The penalty was $524.00. Holcomb filed a motion to dismiss the infraction on multiple grounds.[3]

---

[1] Holcomb maintains that he never had an O&M agreement. Regardless, it is undisputed that he did not have an O&M agreement after 2002.

[2] KCBH Ordinance No. 2008-1, section 13(C)(17)(a) requires landowners to obtain a valid monitoring and maintenance contract with a certified service provider if their onsite sewage system is an alternative system.

[3] Holcomb moved to dismiss the infraction on the following grounds: lack of subject matter jurisdiction, failure to comply with court rules and name proper parties, expiration of the statute of limitations, laches, criminal conduct by Health District officials, government misconduct, and waiver.

On August 2, 2011, Holcomb applied for a building permit to rebuild his existing detached garage. In response to Holcomb's application, the Health District sent him a letter notifying him that he was required to obtain an O&M agreement for his alternative sewage system pursuant to the KCBH ordinance.

On September 20, 2011, Holcomb filed a petition for a writ of mandamus and two writs of prohibition in superior court. The writ of mandamus (count 1) was directed to the district court, demanding that it grant Holcomb's motion to dismiss the civil infraction. The first writ of prohibition (count 2) was an alternative to the writ of mandamus and demanded that the superior court prohibit the district court from hearing the civil infraction case. The second writ of prohibition (count 3) was directed to the director of the Health District and the Kitsap County prosecuting attorney to forever prohibit enforcement of the O&M agreement requirement in KCBH Ordinance 2008-1.

The superior court denied all three writs. Holcomb unsuccessfully sought reconsideration of the superior court's order denying the writs. Holcomb timely appeals the superior court's order denying the motion for reconsideration of its order and judgment denying his petition for the writs.

Holcomb unsuccessfully sought an emergency stay of the district court's adjudication of the infraction pending this appeal. The district court heard the infraction matter on June 27, 2012, and Holcomb presented eight defenses to the infraction. He raised, but did not argue, that the ordinance requiring an O&M contract was unconstitutional. In a letter opinion dated July 24, 2012, the district court denied Holcomb's motion to dismiss and found that Holcomb committed the infraction (failing to have a valid O&M agreement for his alternative septic system) and

No. 42917-9-II

imposed the $524.00 penalty. The district court did not expressly address the constitutionality of the KCBH ordinance.

ANALYSIS

ISSUES ON APPEAL

In his notice of appeal, Holcomb asks this court to review the superior court's rejection of all of the counts pleaded in his petition. In his appeal brief, however, Holcomb restricts the subject of the appeal. In his brief, Holcomb iterates the following assignments of error:

1. The Court below erred in remanding the case to the Infraction Court without deciding the Constitutionality of administrative regulations of the Kitsap County Health District properly raised *in Count* [3] of the Petition for a Writ of Prohibition and Mandamus directed to the Director when named as a party separately from the Infraction Court.
2. This Court possess[es] jurisdiction independent of the Court below to entertain said Writs and decide the Constitutionality of said administrative regulations.

Br. of Appellant at 2 (emphasis added).

RAP 10.3(a)(4) directs an appellant to include in his opening brief "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." A party's failure to assign error, as required under RAP 10.3, precludes appellate consideration of an alleged error. *Emmerson v. Weilep*, 126 Wn. App. 930, 939-40, 110 P.3d 214 (2005). Since Holcomb assigns error only to the superior court's ruling with regard to count 3 of his complaint, we address whether the superior court committed error when denying Holcomb's request for relief under this count. We note, however, that the superior court never remanded the case to the district court.

In his second assignment of error, Holcomb invites us to entertain independent jurisdiction to issue a writ and to address the constitutionality of the KCBH ordinance. We

4

decline his invitation for several reasons. First, our analysis and conclusion would be the same even if we asserted original or independent jurisdiction. Second, Holcomb has not filed a petition for a writ with this court, but only filed a notice of appeal from the superior court. Third, this court may not have independent jurisdiction to entertain writs of prohibition. *See* RCW 2.06.030; RAP 16.1(b), .2. *But see* RCW 7.16.300.

WRIT OF PROHIBITION

Holcomb appeals the superior court's denial of his petition for a writ of prohibition directed to the director of the Health District and the prosecuting attorney to forever prohibit enforcement of the O&M agreement requirement. We hold that the superior court did not abuse its discretion in denying his writ of prohibition because Holcomb had an adequate remedy at law for challenging the Health District's enforcement of the ordinance requiring an O&M agreement. Accordingly, we affirm.

Washington rejects most ancient writs invented under the English writ system, but one writ surviving modernity is the writ of prohibition encapsulated in RCW 7.16.290 et seq. A writ of prohibition is a legal order typically issued by a court to an inferior tribunal mandating that the lower tribunal cease any action over a case or controversy because it lacks jurisdiction. *See* BLACK'S LAW DICTIONARY 1331 (9th ed. 2009) (defining "writ of prohibition"). "Although the common law writ of prohibition restrains the unauthorized exercise of only judicial or quasi-judicial power, the statutory writ of prohibition applies to executive, administrative, and legislative acts as well." *Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1*, No. 86796-8, 2013 WL 3483764, at *2 (Wash. July 11, 2013). Under a Washington statute, adopted in 1895, the writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction

5

of such tribunal, corporation, board or person." RCW 7.16.290. The writ "may be issued by any court, except district or municipal courts, to an inferior tribunal, or to a corporation, board or person." RCW 7.16.300.

"A writ of prohibition is a drastic measure, which is to be issued only when two conditions are met: '(1) [a]bsence or excess of jurisdiction, and (2) absence of a plain, speedy, and adequate remedy in the course of legal procedure. The absence of either one precludes the issuance of the writ.' " *Skagit County Pub. Hosp. Dist. No. 304*, 2013 WL 3483764, at *2 (alteration in original) (internal quotation marks omitted) (quoting *Kreidler v. Eikenberry*, 111 Wn.2d 828, 838, 766 P.2d 438 (1989)).

> A remedy is not inadequate merely because it is attended with delay, expense, annoyance, or even some hardship. There must be something in the nature of the action that makes it apparent that the rights of the litigants will not be protected or full redress will not be afforded without the writ.

*City of Kirkland v. Ellis*, 82 Wn. App. 819, 827, 920 P.2d 206 (1996).

An aging, but illustrative decision is *State ex rel. Martin v. Hinkle*, 47 Wash. 156, 157, 91 P. 640 (1907). The city of Spokane prosecuted Fred Martin for opening his business on Sunday in violation of a city ordinance. *Hinkle*, 47 Wash. at 157. Martin petitioned the superior court for a writ of prohibition to restrain the city from proceeding with trial, while arguing that the city lacked power to pass the ordinance in the absence of a statute granting authority because the same act denounced by the city ordinance also offended a state statute. *Hinkle*, 47 Wash. at 157. Our Supreme Court held that the writ of prohibition was properly denied because Martin had an adequate remedy in the ordinary course of law, either by appealing from an adverse judgment or by application for a writ of habeas corpus. *Hinkle*, 47 Wash. at 157.

Whether there is a plain, speedy, and adequate remedy in the ordinary course of the law depends on the facts of each particular case and is a question left to the discretion of the court in which the writ of prohibition is sought. *Skagit County Pub. Hosp. Dist. No. 304*, 2013 WL 3483764, at *6. Thus, this court will not disturb the superior court's decision unless its exercise of discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *Skagit County Pub. Hosp. Dist. No. 304*, 2013 WL 3483764, at *6.

Here, the Health District issued a civil infraction against Holcomb for violation of KCBH Ordinance No. 2008-1, § 13(C)(17)(a), which requires that he have a valid O&M agreement for his alternative septic system. While the infraction matter was pending before the district court, Holcomb filed a petition for a writ of prohibition in the superior court, seeking to prevent the Health District and prosecuting attorney from enforcing the ordinance against Holcomb, which he alleges is unconstitutional. But Holcomb fails to demonstrate that he lacks an adequate remedy at law to challenge the enforcement of the allegedly unconstitutional ordinance, which is a requirement for issuance of the writ. Holcomb could and did respond to the infraction notice in district court by challenging the validity of the ordinance.

Holcomb states that the district court lacked jurisdiction to consider his constitutional challenge. To the extent Holcomb argues that he lacked an adequate remedy at law to challenge the KCBH ordinance *because* the district court did not have jurisdiction to decide a constitutional challenge to the ordinance, we disagree.

As an initial matter, we believe the district court possessed jurisdiction to adjudicate the constitutionality of the KCBH ordinance, which the Health District and the prosecuting attorney sought to enforce. *See* RCW 3.66.020; *see, e.g., City of Bellevue v. Lee*, 166 Wn.2d 581, 584, 589, 210 P.3d 1011 (2009); *City of Redmond v. Moore*, 151 Wn.2d 664, 666-67, 678, 91 P.3d

No. 42917-9-II

875 (2004); *City of Bremerton v. Spears*, 134 Wn.2d 141, 146-47, 949 P.2d 347 (1998). Regardless, Holcomb had the right to challenge the constitutionality of the ordinance and the validity of the infraction upon appeal to the superior court, if the district court refused to address the constitutionality of the ordinance. RALJ 1.1; RALJ 2.2(a)(1); IRLJ 5.1, 5.2. Any alleged lack of jurisdiction in the district court concerning its power to address the constitutionality of the ordinance could have been resolved on appeal.

Holcomb also sought the writ of prohibition to prevent the Health District's enforcement of the ordinance in the context of his building permit application. The record does not show that Holcomb was aggrieved by enforcement of the ordinance in the context of his building permit. But even if he was, Holcomb did not demonstrate that he lacks an adequate legal remedy to challenge the Health District's enforcement of the ordinance in the building permit context.

Because Holcomb failed to show that he met the requirements for issuance of a writ of prohibition, we hold that the superior court did not abuse its discretion in denying his petition. Not only was the superior court's denial of the writ a reasonable decision in this instance, it may have been the only reasonable decision. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Fearing, J.

FEARING, J.

We concur:

Quinn-Brintnall, J.

QUINN-BRINTNALL, J.

Johanson, A.C.J.

JOHANSON, A.C.J.

8